OTIS H. HULL, APPELLEE, v. UNITED STATES FIDELITY &
GUARANTY COMPANY, APPELLANT.

FILED MARCH 1, 1918. No. 20431.

Master and Servant: WORKMEN'S COMPENSATION ACT: LOSS OF LEG:
COMPENSATION. Under a statute providing: "For all disability re-
sulting from permanent injury of the following classes, the com-
pensation shall be exclusively as follows: * * * For the loss of
a leg, fifty per centum of wages during two hundred fifteen weeks"
—and providing also that permanent loss of the use of a
leg shall be considered as the equivalent of the loss of a leg, the
compensation for the permanent loss of the use of a leg, unac-
companied by other physical injury or loss of health, cannot
exceed the amount specified.

APPEAL from the district court for Kearney county:
WILLIAM C. DORSEY, JUDGE. *Modified and remanded.*

*L. C. Paulson* and *Strode & Beghtol,* for appellant.

*J. H. Robb, M. D. King, Horth & Ryan* and *J. L.
Cleary, contra.*

LETTON, J.

This is an appeal from a judgment awarding com-
pensation to a workman. Plaintiff, a telephone line-
man, while working upon a pole, fell to the ground
sustaining a compound fracture of his left thigh bone
and other injuries. As a result his left leg was short-
ened an inch or more and his left knee and ankle were
rendered stiff and incapable of normal motion. He
has no other business than that of a telephone line-
man, is now totally disabled from following that oc-
cupation, and will be unable in the future to resume
such work. The district court awarded compensation
as for a total disability. The employer held a policy of
insurance with the defendant insurance company, which
is a party to the action and prosecutes this appeal.

Two errors are assigned: First, the court erred in
failing to follow the provisions of the statute which

provides that for the loss of a leg the compensation shall be 50 per cent. of the wages during 215 weeks. As section 3662, Rev. St. 1913, stood before the later amendments, it classified injuries and established a schedule of compensation. It provided in subdivision 1 of the section for total disability, and in subdivision 2 for partial disabilities (except the particular cases mentioned in subdivision 3 of the section). Subdivision 3, so far as material, is as follows: ''For all disability resulting from permanent injury of the following classes,'' i. e., the loss of a hand, arm, foot, leg, or eye, ''the compensation shall be exclusively as follows: * * * For the loss of a leg, fifty per centum of wages during two hundred fifteen weeks: * * * The loss of both hands or both arms, or both feet, or both legs, or both eyes shall constitute total disability, to be compensated according to the provisions of subdivision 1 of this section.'' It also provided that ''permanent loss of the use of a hand, arm, foot, leg, or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg, or eye.'' The argument is made that, since the evidence is undisputed that plaintiff is in good health other than the partial loss of the use of one leg, he is not totally disabled; that the legislature could not have intended to allow the same compensation for the loss of the use of one leg that is specified for the loss of the use of both legs and that the compensation for this injury has been absolutely fixed. On the other hand, it is argued that, since plaintiff is totally disabled from following his occupation of a lineman, and it is shown that he has no other business, this entitles him to compensation for total disability.

The legislature separated the specific injuries, the loss or the loss of the use of a hand, arm, foot, leg, or eye, from other partial disabilities, and by the use of the language ''For all disability resulting'' from the loss of a leg ''the compensation shall be exclusively as follows,'' it conclusively determined that for the loss

of a leg or the loss of the use of a leg alone 50 per cent. of the wages for 215 weeks was proper compensation. The language is plain and unambiguous, and is not susceptible of other construction. *Epsten v. Hancock-Epsten Co.*, 101 Neb. 442. Perhaps it was thought that the period during which compensation was allowed would be sufficient to allow the injured workman to fit himself for some other kind of occupation, or that if a man lose the use of an eye, or hand, or arm, or leg, or foot, and is otherwise competent and in good health, this should not compel an employer, who perhaps has been guilty of no negligence, to bear the burden of his support indefinitely. The law seems intended to help the injured workman to help himself. Whatever the legislative motive or intent may have been, we cannot disregard the plain words of the statute.

The next error assigned is that the court failed to determine the question of liability between the insurance company and the hospital and doctors, and in failing to absolve it from all liability on account of hospital and doctor's bills. It is insisted that under section 7598, Rev. St. 1913, any person may be made defendant who has or claims an interest in the controversy or who is a necessary party to a complete determination or settlement of the question involved therein. In the petition the plaintiff made no reference to the issues between the hospital and the doctors and the defendant insurance company. A cross-petition was filed asking that they be brought in and the liability for fees determined. Issues upon a contract between the insurance company, to which plaintiff was not a party, and the hospital and doctors have no place in proceedings under this statute which is designed to furnish a special proceeding, summary and speedy in its nature, and designed for a particular purpose. The injection of other issues into the case was properly prevented, and there was no error in the ruling of the district court in this respect.

The time for which the award is payable is reduced to 215 weeks, and the case is remanded to the district court to modify the judgment and the allowance of attorneys' fees in accordance with this opinion.

MODIFIED AND REMANDED.

SEDGWICK and HAMER, JJ., not sitting.