Schroeder v. Holt County.

---

AUGUST G. SCHROEDER, APPELLANT, v. HOLT COUNTY ET AL., APPELLEES.

FILED JULY 1, 1925. No. 24633.

Master and Servant: COMPENSATION: LOSS OF USE OF LEG. An employee who receives an injury not affecting any other part of his person, but totally and permanently destroying the use of one leg, is only entitled to recover as if the leg had been removed by reason of such injury, under subdivision 3, sec. 3044, Comp. St. 1922, and not under subdivision 1 thereof.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*M. F. Harrington, Gerald F. Harrington* and *Clifford B. Scott,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before MORRISSEY, C. J., GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

This case comes here on appeal by plaintiff from a finding and judgment in the district court for Holt county in a compensation case, and is submitted solely on the finding and judgment, which, as shown by the record, is as follows:

"The court finds that by reason of such injuries the plaintiff has entirely lost the use of his left leg and is entitled to compensation the same as if the leg were amputated, to which finding both parties except, the exception by plaintiff being as to the measure of recovery, and by the defendants as to the fact found. The court finds that the plaintiff can flex the knee to some extent but has no actual use of it. The court finds that by reason of such injury the plaintiff will never be able to perform any work or labor, to which finding the defendants except. On the foregoing facts the court finds as a matter of law that the plaintiff is entitled to recover for 215 weeks from the date of his injury at the rate of $10 a week. To this finding of law both plaintiff and defendants except. The court further finds that, while plaintiff will never be able to perform any work or labor by reason of the aforesaid injuries, still as a matter of law this condition does not establish permanent disability within the meaning of the employers' liability act, to which finding of law plaintiff excepts. The court further finds that plaintiff is unable to walk or move about without the aid of crutches and that this condition is permanent. The court further finds that the plaintiff is entitled to recover the sum of $68.65, expenses necessarily incurred in making trips to Omaha, Nebraska, to be examined by defendants' sur-

geons. The court finds the total amount paid by defendant, Travelers Insurance Company, to the plaintiff is $660 and there is still due to the plaintiff from the defendant, to be paid as herein directed, the sum of $1,490, to which finding both plaintiff and defendants except. The court finds that there is due at this time compensation at the rate of $10 a week to plaintiff from defendants in the sum of $270, being compensation for 27 weeks, to which defendants except. The court further finds that plaintiff is entitled to compensation for another 122 weeks from this date at the rate of $10 a week, to which finding defendants except."

Appellant insists for reversal of the lower court: "That, in view of the fact that the court has found that by reason of these injuries he will never again be able to perform any work or labor, the measure of recovery is not at all what it would have been had he merely lost his leg. We claim that other provisions of the compensation act apply. Our contention is that in view of the fact that certain injuries have rendered him unable to ever again perform any work or labor he is entitled to compensation at the rate of $10 a week for 300 weeks instead of 215 weeks. It is our further contention that after the expiration of 300 weeks he will be entitled to compensation for the rest of his life at the rate of $6.75 a week. His wages were $15 a week. If we are right he would be entitled to 45 per cent. of this amount for the remainder of his life after the 300 weeks, and that would be $6.75 'a week. * * * The crucial question is whether the compensation is to end after 215 weeks the same as if his leg had been cut off."

Appellant cites to sustain this position, *Nebraska National Guard v. Morgan*, 112 Neb. 432. The cases are readily distinguishable. In this case the injury is limited to the left leg, it in no manner affecting other parts of the person. In the *Morgan* case, we said:

"While the only direct result was a fracture of the surgical neck of the femur, the evidence establishes the facts that the injury left broken ends of bone in the hip of the claimant resulting in a malplacement of the hip bone against

the pelvic bone, causing irritation of the nerves, coming into the hip and affecting the whole physical and nervous system in such manner as to totally disable the claimant from doing any work. The district court found that the plaintiff was suffering from total disability, and such finding is amply sustained by the evidence."

The only similarity between the *Morgan* case and this one is that by reason of the injury each lost the use of the leg injured, and, if that were all, to that extent each was entitled to compensation the same as if the leg had been, by reason thereof, amputated. But there the similarity ceases, as well as the law applicable. The law as announced and applied in *Hull v. United States Fidelity & Guaranty Co.*, 102 Neb. 246, governs the facts disclosed by the record herein, and not *Nebraska National Guard v. Morgan, supra.*

It must be remembered that the law opens a way for the injured man to help himself, and contemplates his doing so. While in some cases, possibly in this, complete justice is not provided for, as a rule the law has met the approval of employer and employee. In any event, it is not for us to disregard its plain intent and meaning.

The judgment of the district court is right, and is in all things

AFFIRMED.