In the Matter of the Application of SAYRE ELECTRIC COMPANY, Petitioner, for a Certiorari Order against JOHN F. GILCHRIST and Others, Constituting the State Tax Commission, Respondents.

*Taxation — corporation income tax — income from interstate commerce not taxable — buying electricity within State of New York and selling within is intrastate business.*

Certiorari order granted out of the Supreme Court at the Albany Special Term on the 28th day of February, 1925, to review the decision of the State Tax Commission denying the petitioner's application for a revision of its corporation tax for the two years ending October 31, 1923, under section 186 of the Tax Law.*

PER CURIAM. Concededly the income of the petitioner during the taxable year ending October 31, 1922, and up to June 15, 1923, was derived exclusively from interstate commerce, and the petitioner was not liable to taxation measured by the income so derived. We consider that from June 15, 1923, to October 31, 1923, the petitioner, which bought electricity in the State of New York and sold the same in the State of New York, was in that respect conducting an intrastate business and was taxable on the basis of the income derived from such business. All concur. Determination annulled, without costs, and matter remitted to the State Tax Commission to make an assessment in accordance with the opinion.

———

In the Matter of the Claim of JOHN STEIN, Respondent, *v.* SAM TOPOL and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — award for loss of foot by amputation covers all results of amputation, including atrophy resulting from non-use.*

Appeal from an award of the State Industrial Board, made on the 23d day of November, 1925.

PER CURIAM. The claimant was entitled to a schedule award of 205 weeks as for the loss of a foot on account of the amputation of his leg below the knee joint, which was made necessary by the accident. The atrophy in the knee above the joint was due to disuse of the leg in turn caused by the amputation. The schedule award for the loss of a foot by amputation is intended to cover all the results of an amputation, such as disuse, and no award based upon an atrophy due to disuse of the leg through loss of the foot can be superadded. All concur. Award reversed and claim dismissed, with costs against the State Industrial Board.