September 13, 1926, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, in the course of his employment, sustained an injury to one of his toes and thereafter, by reason of infection, his left leg was amputated below the knee. There was evidence that on the day of the accident claimant reported the accident to his foreman. The question was whether claimant's failure to give written notice of injury as required by section 18 of the Workmen's Compensation Law was properly excused.

*Clarence B. Tippett* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Not sitting: KELLOGG, J.

---

In the Matter of the Claim of HARRY D. ROTHWELL, Respondent, against SHIPLEY CONSTRUCTION AND SUPPLY COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — award for insanity resulting from injury.*

*Rothwell* v. *Shipley Construction & Supply Co.*, 215 App. Div. 851, affirmed.

(Argued January 10, 1927; decided January 25, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 6, 1926, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, as the result of an injury received in the course of his employment, partially lost the use of his right leg and received an award therefor. It was further found, thereafter, that as a result of worry and mental anxiety caused by the injury claimant became insane and an award for

total disability was allowed him. Appellants question the validity of the latter award.

*William B. Davis* and *E. S. Sherwood* for appellants. *Albert Ottinger*, Attorney-General (*E. C. Aiken* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ. Not sitting: KELLOGG, J.

---

SAMUEL H. GREENHOUSE, Respondent, *v.* ROCHESTER TAXICAB COMPANY et al., Appellants; NEW YORK STATE RAILWAYS, Respondent.

LILLIAN GREENHOUSE, Respondent, *v.* ROCHESTER TAXICAB COMPANY et al., Appellants; NEW YORK STATE RAILWAYS, Respondent.

MARGARET GREENHOUSE, an Infant, by SAMUEL H. GREENHOUSE, Her Guardian ad Litem, Respondent, *v.* ROCHESTER TAXICAB COMPANY et al., Appellants; NEW YORK STATE RAILWAYS, Respondent.

*Appeal — question certified not considered by Court of Appeals unless answer will be decisive of correctness of order.*

*Greenhouse* v. *Rochester Taxicab Co.* (3 cases), 218 App. Div. 224, appeal dismissed.

(Argued January 10, 1927; decided January 25, 1927.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 12, 1926, which reversed an order of Special Term granting a motion by appellants herein for joinder of the New York State Railways as an additional party defendant and denied said motion. The actions were to recover for personal injuries alleged to have been sustained through the negligence of defendants.

The following question was certified:

" Under the Civil Practice Act and Rules had the Supreme Court the power to make the order that it did