In the Matter of the Claim of Leo Flicker, Respondent, against Mac Sign Company et al., Appellants.

The State Industrial Board, Respondent.

(Argued January 6, 1930; decided February 11, 1930.)

*Edward P. Mowton* and *H. S. Recknagel* for appellants. The State Industrial Board erred in holding that claimant was entitled to permanent partial disability at reduced earnings, but should have awarded claimant a percentage loss of use of the right foot. (*Matter of Rubenstein* v. *Pechter Baking Co.*, 224 App. Div. 324; 249 N. Y. 433; *Wells* v. *General Carbonic Co.*, 224 App. Div. 805; *Matter of Gross* v. *Hudson Reade Corp.*, 215 App. Div. 632; *Donohue* v. *Mc Kaig-Hatch*, 177 App. Div. 938; 223 N. Y. 572; *Dutcher* v. *American Express*

*Co.*, 183 App. Div. 162; *Cobb* v. *Library Bureau*, 176 App. Div. 91; 221 N. Y. 574; *Blattner* v. *Pa. Pro. Co.*, 185 App. Div. 900; *Schrempp* v. *Talmadge Film Co.*, 188 App. Div. 941.)

*Hamilton Ward, Attorney-General (E. C. Aiken* of counsel), for respondent. It was proper to make an award for reduced earnings where the accident caused an injury to the ankle of the foot and also the great toe. (*Wells* v. *General Carbonic Co.*, 224 App. Div. 805; *Hoffman* v. *Chatham L., H. & P. Co.*, 224 App. Div. 799; *Gifers* v. *New York Window Cleaning Co.*, 224 App. Div. 792; *Rubenstein* v. *Pechter Baking Co.*, 224 App. Div. 324.)

CARDOZO, Ch. J. Claimant, while working for his employer, fell from a ladder, and was injured. His right to compensation is not disputed. What is questioned is merely its extent.

The fall resulted in injuries that were temporary and in others that were permanent. The temporary injuries were a sprain of the right ankle and a tearing of the ligaments. No controversy is here as to the payments due for these. The permanent injury was the fracture or chipping of the first metatarsal bone of the right foot, which affected the movement of the metatarso-phalangeal joint, and thus the movement of the great toe. There has been no injury to the toe except the consequential one resulting from the injury to the foot.

At the date of this accident, Workmen's Compensation Law (Cons, Laws, ch. 67), section 15, subsection 3, subdivisions a to l, established a schedule of compensation in case of disability partial in character, but permanent in quality, resulting from the loss of a member. If the lost member was a foot, the compensation was to be sixty-six and two-thirds per centum of the average wages for 205 weeks; if a great toe, the same percentage for 38 weeks, and if another toe, for 16 weeks. Partial loss of use of a member was to be deemed equivalent to proportionate partial loss of the member itself.

The same section of the statute (subsection 3, subdivision u) made provision for other cases not covered by the schedule. In such cases, compensation was to be sixty-six and two-thirds per centum of the difference between the average weekly wages before the disability and the wage earning capacity thereafter, and was to continue indefinitely or as long as the disability continued.

The award in this case has been made upon the theory that because the use of the great toe has been affected by the injury to the bone of the right foot, the schedule of compensation for a determinate number of weeks must be rejected as inapplicable, and continuing compensation allotted under subdivision u without reference to the schedule.

We think the award has its roots in a misconception of the statute. A toe is not to be treated as a separate member from a foot where loss of use of the foot includes as a normal consequence the loss of use of the toe. There is no occasion to determine at this time how far the same rule is applicable where the consequential injuries are abnormal or extraordinary. With the reservation for greater prudence of exceptional conditions, the scheduled compensation for loss of the larger member must be accepted as compensation for the loss of its component parts. If any other rule were followed, a claimant suffering the amputation of a foot might have compensation from his employer for the loss of the foot and compensation for the loss of the five toes in addition. The fingers would also be added to the loss of a hand. No such result was intended by the framers of the statute. The smaller members (toes and fingers) are separately stated in the schedule of disabilities to cover cases of separate injuries. They are not to be considered where the injury to the member that includes them is single and entire. Compensation for loss of a toe or finger is compensation for consequential loss of function, not extraordinary or unexpected, in respect of the foot or hand (cf. *Matter of Dowling* v. *Gates & Co.*, 253 N. Y. 108). Compen-

sation for loss of a foot or hand is compensation for loss of function, not extraordinary or unexpected, in respect of a toe or finger. The whole is still equal to the sum of all its parts.

In the case now before us the evidence is uncontroverted that as a result of all the injuries, direct and consequential, there has been an impairment of five per cent of the use of the right foot. Claimant has already been paid an amount in excess of an award computed on that basis.

The order of the Appellate Division should be reversed, and the award, so far as appealed from, annulled, with costs against the State Industrial Board in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.