In the Matter of the Claim of JAMES DOWLING against
CHURCH E. GATES & Co. et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

(Submitted January 6, 1930; decided February 11, 1930.)

*Hamilton Ward, Attorney-General (E. C. Aiken* of coun-
sel), for appellant.

*Dickinson S. Talley* for respondents. The award is properly made for 100 per cent of the foot and not for 90 per cent of the leg. (*Stein* v. *Topal,* 217 App. Div. 797; *Tannenbaum* v. *Baudouine,* 218 App. Div. 792; *Murray* v. *Subway Co.,* 211 App. Div. 811.)

HUBBS, J.  Claimant received an injury to his foot which injury arose out of and in the course of his employment. The injury necessitated the amputation of the right leg about six inches below the knee. As a result of the amputation there is atrophy of the soft tissues, crepitation at the knee joint and a slight defect in external and internal rotation at the hip. The accident itself did not cause any immediate injury to the knee or hip. The State Industrial Board has found that such loss of function of the leg developed as a natural and unavoidable result of the accidental injury to the foot and that such limitation of the use of the leg is permanent. It made an award for ninety per cent of the permanent loss of the use of the right leg. The Appellate Division has reduced the recovery to the amount recoverable for the schedule loss of a foot.

It is urged by the State Industrial Board that the reduction of the amount of the award was unjustified. Paragraph O of subdivision 3 of section 15 of the Workmen's Compensation Law (Cons. Laws, ch. 67) at the time of the injury read as follows: " O. Amputated arm or leg. Compensation for an arm or a leg, if amputated at or above the elbow or the knee, shall be the same as for loss of the arm or leg; but, if amputated between the elbow and the wrist or the knee and the ankle, shall be the same as for loss of a hand or foot."

It seems clear that the amount of an award for the loss and deprivation caused by the accident, the amputation, and the usual results thereof, is fixed and limited by paragraph O to an award for the loss of the foot. The Legislature must have had in mind that there are certain usual and expected changes in the part of a leg remaining after the amputation of a foot, changes which

are the natural consequences of the loss of a foot. It would seem that there must always be some atrophy of the soft issues caused by the amputation and disuse of the leg. For resulting conditions which are usual and foreseeable the Legislature did not intend that there should be compensation awarded in addition to or greater than that provided for in paragraph O, and such has been the construction placed upon that paragraph. (*Matter of Stein* v. *Topol,* 217 App. Div. 797.)

Compensation is not, however, limited to the amount payable for the loss of a foot in all cases where there has been an amputation of the foot within the meaning of paragraph O. There may be associated injuries or conditions resulting from the injury and amputation which will entitle a claimant to a larger award than that provided for the loss of a foot. The fact that an award has been made for the loss of a foot does not prevent the reopening of the claim and the granting of a larger award if the facts justify it. In *Matter of Rothwell* v. *Shipley Construction & Supply Co.* (244 N. Y. 558) the claimant suffered an injury to his leg, which caused a partial loss of its use. He received an award therefor. Thereafter he became insane as a result of worry and mental anxiety caused by the injury. The case was reopened and he was granted an award for total disability. The award was affirmed by the Appellate Division and by this court.

A claimant who has suffered a schedule injury covered by subdivision 3 of section 15 is entitled only to an award of the amount specified in the schedule for such injury in case the effect of the injury is the usual and expected effect. If, however, some unusual and extraordinary condition develops as a result of the injury the fact that the original injury is covered by the schedule does not prevent an award for the actual, although unusual and unexpected, condition which has developed as a result of the accident. The amputation of a foot may result in blood poisoning, paralysis or death. They are not

the usual results of the injury and operation, although they may be the natural and unavoidable results in particular cases. When such an unusual and unexpected result occurs, an increased award should be made.

The determination must depend upon the facts in each case. If the facts establish that a claimant is suffering from a serious, unusual and unexpected condition as the result of a schedule injury, he is entitled to an award greater than that provided for such schedule injury. If the condition is the usual and expected result of the injury, the award must be limited to the schedule amount.

The record must disclose the facts upon which an increased award is based. The record in the case at bar does not contain any evidence from which it can be found that the claimant is suffering from any unusual or extraordinary condition as the result of the injury, and the award was properly limited to the amount provided in the schedule. The order of the Appellate Division should be affirmed, with costs against the State Industrial Board.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed, etc.