In the Matter of the Claim of EINAR EDWARD LINDQUIST, Respondent, against YETTA FRIEDELSON and MINERVA JUDIS and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. While there is a statement in the report of the doctor that there was loss of grasping power, that report not being verified is not competent proof. However, there appears competent proof of injury to the fingers sufficient to justify the award for a proportionate loss of use of the hand. (*Matter of Petrie*, 215 N. Y. 335.) All concur. Award affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of ESTHER JACOBSON, Respondent, against HARDEN CONTRACTING Co:, INC., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. Upon the evidence, including the admissions contained in the employer's report, the Board was justified in finding that the infection arose from the accident of June seventh. All concur. Award affirmed, with costs to the State Industrial Board.

In the Matter of the Claim of FRED ROULAR, Respondent, against HENRY FORGE AND TOOL COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. The award is for ninety per cent loss of use of the left arm. There was an amputation of claimant's left arm about two inches below the elbow for which an award of schedule loss of the left hand was made and paid. The present award was based upon a later impairment of the remainder of the left arm due solely to atrophy, a condition naturally to be expected from the amputation. This loss by atrophy, resulting from amputation and disuse, cannot be superadded to the previous award. (*Matter of Stein* v. *Topol*, 217 App. Div. 797; *Matter of Tannenbaum* v. *Baudouine*, 218 id. 792; *Matter of Dowling* v. *Gates*, 227 id. 679.) All concur. Award reversed, with costs against the State Industrial Board.

In the Matter of the Claim of LOUIS SCHARDT, Respondent, against FRANK WHITCOMB and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. It does not appear that the claimant was totally disabled during the entire period of the award, but there is no evidence tending to show reduced earning capacity sufficient to diminish his compensation under the statute. The award should be affirmed. All concur. Award affirmed, with costs to the State Industrial Board.