ANTON GRESECK, APPELLEE, V. FARMERS UNION ELEVATOR COMPANY, APPELLANT.

FILED AUGUST 11, 1932. No. 28293.

*Story & Thomas,* for appellant.

*George M. Harrington, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY and PAINE, JJ., and HORTH, District Judge.

HORTH, District Judge.

This controversy arises under the workmen's compensation law.

That the second finger of the right hand of Anton Greseck, plaintiff and appellee, was accidentally injured while he was in the employ of the Farmers Union Elevator Company of O'Neill, Nebraska, defendant and appellant, and that such injury arose out of and in the course of his employment, is conceded by appellant. It

is the classification of appellee's disability by reason of his injury and the amount of the compensation to which he is entitled, concerning which the parties are in disagreement, appellee urging that he is entitled to compensation for permanent partial loss of the use of his right hand, while appellant contends that, in no event, is appellee entitled to compensation for more than permanent partial loss of the use of the second finger of his right hand. Appellee's daily wage was $3.50.

Relative to his injury and disability, appellee states in his pleading that, while he was filling a revolving bucket with dust from grain, the second finger of his right hand caught in the bucket, and as a result he received a fracture of said finger between the first and second joint, and that said finger was crushed, bruised, mangled and injured, that there is a stiffness of the joints, that he only has a partial grip with his right hand as a result of such injury, that such injury has caused plaintiff a 75 per cent. loss and impairment of the use and functions of his right hand, that said injury to the second finger is permanent, and that subsequent to November 29, 1930, plaintiff developed a latent inflammation in said finger which is progressive in nature and known as an inflammation of the periosteum.

Upon the trial of the cause in the district court the appellee and three doctors were called and testified concerning appellee's injury and the disability resulting therefrom, and each confined such injury to the second finger of the right hand, but further testified that the injured finger had become stiff, affecting appellee's ability to grip with his right hand, and thereby causing a permanent partial loss of the use of the hand.

One of the outstanding purposes of the workmen's compensation law is to establish a uniform system for measuring compensation for specific accidental injuries that any employee, coming within its provisions, may encounter in the course of and growing out of his employment, and to simplify the procedure in such cases. Keeping in

step with this laudable purpose, the legislature of the state of Nebraska has, by enactment, taken the amount of recovery, in such cases, out of the realm of speculation, by fixing the amount of compensation that shall be paid by the employer to his employee who meets with a specific injury; and to promote a speedy and inexpensive recovery, it has done away with the technical rules of pleadings and evidence and hastened the time for hearings and for the determinations upon such hearings. It is essential, in interpreting this law, that simple words be simply construed and that definite terms be not opened up to indefinite construction; and while compensation statutes are to be liberally construed in favor of the employee, the courts are not at liberty to extend their application beyond the limits fixed by their terms, nor to amend them by judicial construction.

The Nebraska schedule of compensation for injuries to the finger and hand is found in section 48-121, Comp. St. 1929, and, in so far as pertinent to this case, provides:

For the loss of the second finger, sixty-six and two-thirds per centum of daily wages during thirty weeks.

For loss of a hand, sixty-six and two-thirds per centum of daily wages during one hundred seventy-five weeks.

Permanent total loss of the use of a finger shall be construed as equivalent to the loss of such finger.

In all cases involving a permanent partial loss of the use or function of a finger or a hand, the compensation shall bear such relation to the amounts named as the disabilities bear to those produced by the injuries named.

It is provided by section 48-152 of the same statute that, the term "injury" and "personal injuries" shall mean only violence to the physical structure of the body and such disease or infection as may naturally result therefrom.

It is a matter of common knowledge that, when one's finger is severely lacerated and fractured, a consequential impairment of the usefulness of the hand follows, at least during the healing period. The same finger injury exerts

a similar influence upon the arm, but in a lesser degree. In such cases, barring unexpected complications, the disability to the injured finger is greater than to the hand, and greater to the hand than to the arm, and in those states where workmen's compensation laws have been adopted, with classification of injuries and schedule of compensations similar to those in Nebraska, it is generally held that it is the disability to the injured finger, and not the consequential disability to the hand, which governs the compensation to be paid, and ׳such in effect has been the holding of this court. Thus, in *Hull v. United States Fidelity & Guaranty Co.*, 102 Neb. 246, it is held that under a statute providing:

" 'For all disability resulting from permanent injury of the following classes, the compensation shall be exclusively as follows: * * * For the loss of a leg, fifty per centum of wages during two hundred fifteen weeks'—and providing also that permanent loss of the use of a leg shall be considered as the equivalent of the loss of a leg, the compensation for the permanent loss of the use of a leg, unaccompanied by other physical injury or loss of health, cannot exceed the amount specified."

In *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, it was held: "Where the employers' liability law fixes the amount of compensation, such compensation can be measured only in the manner directed by the statute."

In *Schroeder v. Holt County*, 113 Neb. 736, it is said: "An employee who receives an injury not affecting any other part of his person, but totally and permanently destroying the use of one leg, is only entitled to recover as if the leg had been removed by reason of such injury, under subdivision 3 of section 3044, Comp. St. 1922, and not under subdivision 1 thereof."

In *Freyn Bros. v. Jameson*, 85 Ind. App. 363, the second finger of the employee's right hand was bruised and fractured causing it to be more or less stiff. The employee testified that the only injury was to the second finger. Two physicians, witnesses of the employee, testi-

fied there was a total permanent loss of the use of the finger, and considering the employee was a steam fitter and plumber the injury to the finger resulted in a 50 per cent. impairment of the use of the hand. Held, the injury was compensable for permanent loss of the use of the finger, and not for permanent partial loss of the use of the hand.

In *Cox v. State Industrial Commission*, 140 Okla. 59, the employee suffered the loss of the index and second fingers and the partial loss of his ring finger. He claimed compensation for the partial loss of his hand. Held, "The workmen's compensation act provides for specific amounts of compensation for loss of the various fingers, and compensation cannot be fixed upon the basis of partial permanent loss of the hand where the only injury is to the fingers." In *Matter of Dowling v. Gates & Co.*, 253 N. Y. 108, it is said: "A claimant who has suffered a schedule injury * * * is entitled only to an award of the amount specified in the schedule for such injury in case the effect of the injury is the usual and expected effect. If, however, some unusual and extraordinary condition develops as a result of the injury the fact that the original injury is covered by the schedule does not prevent an award for the actual, although unusual and unexpected, condition which has developed as a result of the accident. The amputation of a foot may result in blood poisoning, paralysis or death. They are not the usual result of the injury and operation, although they may be the natural and unavoidable results in particular cases. When such an unusual and unexpected result occurs, an increased award should be made." Chief Justice Cardozo concurred in this opinion and cited it with approval in writing the opinion in *Matter of Flicker v. Mac Sign Co.*, 252 N. Y. 492, decided at the same time.

In the present case, the injury to the appellee was confined to the second finger of the right hand. There were no unusual or unexpected complications attending the injury, and appellee's disability resulting from the injury

is compensable on account of permanent partial loss of the use of the finger, and not for permanent partial loss of the use of the hand.

Upon the question of the percentage of permanent partial loss of the use of appellee's finger, the evidence is conflicting and not entirely satisfactory, but, upon careful consideration thereof, we find that the appellee has suffered a 75 per centum permanent partial loss of the use of the second finger of his right hand, and as compensation therefor appellee is entitled to recover from appellant $14 a week for 22½ weeks, commencing as of the 30th day of November, 1930.

The weekly amount allowed appellee by the trial court for temporary total disability, and the time for which the allowance was made, is supported by the evidence and does not appear to be in serious dispute.

That part of the judgment of the district court requiring appellant to pay to appellee the sum of $14 a week during 12 weeks for temporary total disability is affirmed, and that part of said judgment allowing appellee compensation for permanent partial loss of the use of his hand is reversed, and the district court is instructed to enter judgment in favor of the appellee and against the appellant for the payment of $14 a week during 22½ weeks, commencing as of November 30, 1930, as compensation for the permanent partial loss of the use of his second finger of his right hand, and it is ordered that appellant and appellee pay the costs incurred by them, respectively, in this court.

AFFIRMED IN PART, AND REVERSED IN PART.