OMAR W. OTTENS, APPELLANT, V. WESTERN CONTRACTING COMPANY ET AL., APPELLEES.

296 N.W. 431

FILED FEBRUARY 14, 1941. No. 31065.

*Thomas E. Dunbar,* for appellant.

*William P. Morse, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action under the workmen's compensation laws of the state of Nebraska. The action was tried before one of the judges of the compensation court, and from the award and judgment appeal was taken by plaintiff to the district court. On trial in the district court award and judgment were rendered, from which plaintiff has appealed to this court. Appellant contends that the award and judgment are insufficient under the evidence and the law to compensate for the injuries he has sustained.

The evidence conclusively shows that appellant, a man of about the age 45 years, on October 5, 1938, together with three other men, was unloading a metal container or drum containing steel stakes, when two of the men stumbled, causing the drum to fall, and in falling two fingers on the right hand of appellant were caught between the drum and the curb of a concrete pavement. The weight of the drum and contents was in excess of 400 pounds. The result was that the ends of the second and third fingers on the right hand of appellant were cut off.

On trial in the district court appellant was awarded temporary total disability from October 5, 1938, to December 26, 1938. Of this portion of the award appellant does not complain. In addition to the award for temporary total disability, appellant received an award of 15 per cent. permanent partial disability for the loss of use of the second and third fingers from and after December 26, 1938, for a period of seven and one-half weeks. It is as to this latter award for permanent partial disability that appellant addresses his complaint. He complains that, as a result of the

accident, he sustained, not only injuries to the two fingers, but resulting injury and damage to the hand, which produced permanent partial disability therein of 35 per cent.

Appellees urge that there is no additional disability, and further, if such additional disability exists, it is in consequence of the injury to the fingers, and is not compensable beyond the amounts allowable under the statutory schedule for injury to fingers.

There can hardly be any question that if it be determined that the disability of which appellant complains, if it be found to exist, is a normal, usual, logical and expected consequence of the injury to the fingers, then no compensation may be awarded in addition to that provided by the statutory schedule. *Hull v. United States Fidelity & Guaranty Co.*, 102 Neb. 246, 166 N. W. 628; *Johnson v. David Cole Creamery Co.*, 109 Neb. 707, 192 N. W. 127; *Schroeder v. Holt County*, 113 Neb. 736, 204 N. W. 815; *Greseck v. Farmers Union Elevator Co.*, 123 Neb. 755, 243 N. W. 898.

On the other hand, an analysis of the decisions makes it equally clear that we are committed to the rule that where a claimant has suffered a schedule injury to some particular member, and some unusual and extraordinary condition affecting some other member has developed as a result of the accident, an increased award should be made. *Schroeder v. Holt County, supra; Greseck v. Farmers Union Elevator Co., supra; Matter of Dowling v. Gates & Co.*, 253 N. Y. 108, 170 N. E. 511; *Matter of Flicker v. Mac Sign Co.*, 252 N. Y. 492, 170 N. E. 118.

It then becomes necessary to determine whether or not appellant has suffered a schedule injury to two fingers from which an unusual and extraordinary condition has developed in his hand, resulting in disability to the hand, calling for an increased award over and above that allowable under the schedule for injury to the fingers.

From the evidence it appears that at the time of and prior to the accident no abnormal condition existed in the hand of the appellant. After the accident and for quite a period of time, except the condition resulting directly and

immediately from the accident, none manifested itself, but at some period before appellant was released by Dr. Ramacciotti, the attending physician for the appellees, or soon thereafter, appellant complained to Dr. Ramacciotti of pain in the palm of his hand. The doctor states that he made an examination, found nothing, and paid no more attention to the matter. Following this a condition developed in the hand of appellant variously described as a nodule, a fibrosis, a hard place in the palm, and a Dupuytren's contracture. The development of the condition is not clearly described, but it appears to have been progressive. It appears that the condition resulted, if subjective analysis is to be credited, in a permanent impairment in the use of the hand to the extent of from 20 per cent. to 35 per cent. Appellant's medical expert estimated that the disability was 35 per cent., and the expert called by appellees estimated it at from 20 per cent. to 25 per cent. On the part of appellees it is contended that the condition was not a result of the accident, but was a fibrosis probably coming to view as a result of the disappearance of callous on the palm of the hand by which it had been covered, and that it made no contribution to disability of hand or fingers. On the part of appellant it is described as Dupuytren's contracture, or scar tissue development of the palmar fascia, causing contracture resulting from infection in the tips of the injured fingers extended from the finger tips through the lymphatic channels to the palmar fascia. Appellees contend that Dupuytren's contracture does not exist, since, while its causes are obscure, it could not be produced by the accident and primary injury in question, and, further, because Dupuytren's contracture results in limitation of extension and not in limited contracture as is true in the hand of appellant. Appellant agrees that there is no limitation of extension, but insists that the limitation of contracture found is a concomitant of Dupuytren's contracture. Based on examination made at a recess during the trial in the district court, and subjective symptoms then found to exist which he considered feigned by appellant, the doctor called by appellees con-

cluded that there was permanent partial disability of the hand of from 20 per cent. to 25 per cent. Based on history and examination the doctor of appellant concluded that there was a permanent partial disability of 35 per cent.

Out of this maze of contradiction of opinion and deduction we must determine, first, whether the appellant has shown by a preponderance of the evidence that the disability to appellant's hand was caused by an accident arising out of and in the course of his employment (*Kuhtnick v. Carey,* 124 Neb. 762, 248 N. W. 89; *Mullen v. City of Hastings,* 125 Neb. 172, 249 N. W. 560; *Skochdopole v. State,* 133 Neb. 440, 275 N. W. 665), and, second, if we find in the affirmative, then the amount of the disability.

In the light of the foregoing review of the evidence important to a determination of the issue here presented, which shows that the condition complained of did not exist at the time of the accident but that it came about soon after the accident; in the light of the further fact that the abnormality from which it is claimed that disability flows does in fact exist; in the light of the further fact that a satisfactory explanation, if believed, has been given, and against an explanation which is for the most part negative and, where positive, without satisfactory explanation; and in the light of the further fact that both parties agree that there is, on the evidence before the court, permanent partial disability of the hand separate and apart from the injury to the fingers; we think the appellant has sustained the necessary burden of proof.

Having thus determined, it now becomes necessary to ascertain the extent of the disability of appellant. In this connection candor requires the statement that no conclusive reason exists which requires the acceptance of the estimate of one party rather than the other. However, since the view of appellant has been accepted in explanation of the existence of the disability, and the estimate of disability by the appellees depends only upon an examination made during recess of the trial in the district court, and since the examination and observation by appellant's doctor as to dis-

ability probably, though not certainly, were more exhaustive, it appears proper, logical and reasonable to accept the estimate testified to by appellant's physician. This estimate is accordingly accepted, and in consequence it is determined that appellant has sustained a permanent partial disability to his hand to the extent of 35 per cent. of its use, which includes the disability to the two fingers involved in the accident.

We, therefore, find that appellant is entitled to recover from appellees on account of temporary total disability for 11 weeks and 4 days, at the rate of $10.67 a week, the sum of $123.47, which is confirmatory to that extent of the finding of the district court; and the further sum of $439.56, on account of permanent partial disability for 63 weeks and 3 days at $6.93 a week, this being 66 2/3 per cent. of the difference between the wage of appellant at the time of the accident and his earning capacity on the basis of 35 per cent. permanent partial disability after the expiration of total temporary disability. From the aggregate of these amounts there shall be deducted the sum of $83.59, the amount previously paid to appellant on account of compensation.

The award and judgment of the district court are reversed and the cause remanded, with directions to enter award and judgment in accordance with the findings herein.

REVERSED.

The following opinion on motion for rehearing was filed July 3, 1941. *Former opinion modified.*

YEAGER, J.

On motion for rehearing by appellant it has been suggested that in the opinion this court adopted an incorrect schedule, and that appellant is entitled to recover $653.54 for 61¼ weeks at the rate of $10.67 a week for permanent partial disability. This suggestion and contention are well taken and correct.

The former opinion of this court is modified, and the finding of this court is as follows: We find that appellant is entitled to recover from appellees on account of temporary total disability for 11 weeks and 4 days, at the rate of $10.67 a week, the sum of $123.47, which is confirmatory to that extent of the finding of the district court; and the further sum of $653.54, on account of permanent partial disability for 61¼ weeks at the rate of $10.67 a week. From the aggregate of these amounts there shall be deducted the sum of $83.59, the amount previously paid to appellant on account of compensation. In no other respect is the former opinion changed or modified.

The award and judgment of the district court are reversed and the cause remanded, with directions to enter award and judgment in accordance with the findings herein.

REVERSED.