NED A. RUNYAN, APPELLANT, v. LOCKWOOD GRADERS, INC., A CORPORATION, ET AL., APPELLEES.

127 N. W. 2d 186

Filed March 20, 1964. No. 35656.

Holtorf, Hansen & Fitzke and Alfred J. Kortum, for appellant.

Wright, Simmons & Hancock, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action to recover benefits under the workmen's compensation law for injuries sustained by Ned A. Runyan, which arose out of and in the course of his employment by Lockwood Graders, Inc. The district court held that the injuries constituted a schedule loss under the provisions of subdivision (3) of section 48-121, R. R. S. 1943, and awarded benefits as provided in such section. The plaintiff contends that his injuries were totally and permanently disabling and that he is entitled to benefits under the provisions of subdivision (1) of section 48-121, R. R. S. 1943, relating to injuries resulting in two-member losses. From the adverse ruling on his contention the plaintiff has appealed.

On May 14, 1962, the date of the accident, plaintiff was in the employ of Lockwood Graders, Inc. He was engaged in operating a hydraulic press used in crimping the edges of sheet metal in forming shields for a harvester. The press was equipped with a large blade which descended with great pressure and made the desired form. While plaintiff was centering the sheet metal, preparatory to the operation of the hydraulic press, he inad-

vertently stepped on the foot treadle, which started the blade downward. The blade crushed the middle phalanges of the four fingers of the left hand and the middle phalanges and one or more of the proximal interphalangeal joints of the four fingers of the right hand. As a result of the accident the middle finger of the right hand and the middle and ring fingers of the left hand were amputated. The remaining fingers of both hands suffered compound fractures, and a crushing of tendons and blood vessels, causing permanent stiffness, deformity, and poor circulation. The medical evidence sustains a finding that plaintiff suffered a total loss of the use of all eight fingers. There is evidence that the injuries to the fingers were such as to totally incapacitate the plaintiff from performing any work similar to that which he was able to perform previous to the accident. For the purposes of this opinion we will assume that plaintiff has suffered a total and permanent disability insofar as his earning capacity is concerned.

Plaintiff does not contend that the award of the district court is erroneous if the schedule loss provision of subdivision (3) of section 48-121, R. R. S. 1943, is the controlling statutory provision. Plaintiff's appeal is based solely on his contention that the two-member injury provision should apply with a resulting award for total and permanent disability.

Subdivision (3) of section 48-121, R. R. S. 1943, as it relates to two-member injuries provides: "The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability and be compensated for according to the provisions of subdivision (1) of this section." It will be noted that the loss of a finger, or any number of them, is not treated as a loss of a member in the section of the statute providing for total and permanent disability for the loss of two members.

It is the contention of the plaintiff that the loss of eight fingers is in fact the loss of two members on the prin-

ciple announced by the New York court in Dowling v. Church E. Gates & Co., 253 N. Y. 108, 170 N. E. 511, which we approved in Ottens v. Western Contracting Co., 139 Neb. 78, 296 N. W. 431, and Haler v. Gering Bean Co., 163 Neb. 748, 81 N. W. 2d 152. The rule stated in these cases is: Where an employee has suffered a schedule injury to some particular member or members and some unusual and extraordinary condition develops therefrom as a result thereof, which condition affects some other member or the body itself, an increased award is proper and should be made to cover such additional disability. We adhere to this rule and we are now confronted with the factual question as to whether or not other members, or the body as a whole, were affected by some unusual and extraordinary condition that would require application of the rule.

The general tenor of the medical testimony is that the loss of a finger is injurious to the functional use of the hand, the arm, and even the body as a whole. This view is based on the theory that an injury to a component part is injurious to the whole of which it is a part. That this is true as a general proposition cannot be questioned, whether or not there is an unusual or extraordinary condition present. But the workmen's compensation law disregards this theory in favor of an arbitrary distinction between injuries to fingers, the hand, or the arm. Subdivision (3) of section 48-121, R. R. S. 1943, specifically provides that amputation between the elbow and the wrist shall be considered as the equivalent of the loss of a hand and amputation at or above the elbow shall be considered as the loss of an arm. Permanent total loss of the use of a finger shall be considered as the equivalent of the loss of such finger. But the permanent total loss of a finger is not a member within the two-member injury provision and, consequently, the benefits for the loss of a finger are limited to the schedule loss, unless the rule cited as to unusual and extraordinary injury to some other

member, or the body as a whole, has application.

There is no evidence in this record that plaintiff suffered any unusual or extraordinary injury to some other member, or to the body. In fact, the evidence in the record is to the effect that there was no unusual or extraordinary injury to the hand, arm, or body. There was no evidence, other than the generalization of the medical theory that an injury to a component part is an injury to the whole, that physical injury was sustained to both hands, a condition necessary to bring the case within the two-member injury rule.

The evidence in this case shows that the injury is to the fingers, it actually occurring to the middle phalanx of each finger. There was no injury to the hands, with the possible exception of one finger, which was amputated at the knuckle. The theory that the loss of use of a finger to some extent constituted the loss of use of the hand has been dealt with by this court. In Greseck v. Farmers Union Elevator Co., 123 Neb. 755, 243 N. W. 898, this court said: "It is a matter of common knowledge that, when one's finger is severely lacerated and fractured, a consequential impairment of the usefulness of the hand follows, at least during the healing period. The same finger injury exerts a similar influence upon the arm, but in a lesser degree. In such cases, barring unexpected complications, the disability to the injured finger is greater than to the hand, and greater to the hand than to the arm, and in those states where workmen's compensation laws have been adopted, with classification of injuries and schedule of compensations similar to those in Nebraska, it is generally held that it is the disability to the injured finger, and not the consequential disability to the hand, which governs the compensation to be paid, and such in effect has been the holding of the court." See, also, Hull v. United States Fidelity & Guaranty Co., 102 Neb. 246, 166 N. W. 628; Schroeder v. Holt County, 113 Neb. 736, 204 N. W. 815; Johnson v. David Cole Creamery Co., 109 Neb.

707, 192 N. W. 127. In the last case cited this court said: "Where the employers' liability law (Comp. St. 1922, secs. 3024-3084) fixes the amount of compensation, such compensation can be measured only in the manner directed by the statute."

Plaintiff relies upon Updike Grain Co. v. Swanson, 103 Neb. 872, 174 N. W. 862; Fallis v. Vogel, 137 Neb. 598, 290 N. W. 461; and Haler v. Gering Bean Co., *supra.* These cases are clearly distinguishable. In the Updike Grain Company case the facts are not stated with any particularity. The court did find: "The hand was shown to have been severely injured, and it seems clear to us that the injury was not confined alone to the fingers." In the Fallis case the court found: "Therefore, under the provisions of said section 48-121, a claimant for compensation, who has sustained an injury, for the loss of the use of the left hand and for the loss of the use of the left leg, is entitled to recover such proportion of the compensation allowed for total disability, * * *." In the Haler case the court found that the claimant not only suffered injury to his legs, but he also suffered injuries to his back which resulted from a malunion or abnormal alignment of the bones at the site of the leg fracture. The court found that these conditions of the back were not the usual and ordinary results to be expected from the injury to his legs, and permitted a recovery for permanent total disability. These cases correctly apply the law to the facts recited therein, but they have no application to the case we have before us.

It was clearly the intent of the Legislature in establishing a schedule of benefits for the specific injuries listed in subdivision (3) of section 48-121, R. R. S. 1943, to fix the amount of such benefits without regard to the extent of the subsequent disability with respect to the particular work or industry in which the employee was engaged at the time of his injury. Carlson v. Condon-Kiewit Co., 135 Neb. 587, 283 N. W. 220;

Haler v. Gering Bean Co., *supra.* In the absence of unusual and extraordinary other physical injury, the compensation cannot exceed the amount specified in subdivision (3) of section 48-121, R. R. S. 1943. Since an injury to a finger or fingers is not listed in the statute as a member within the purview of a two-member injury, it can have no application to the provision allowing permanent disability benefits for two-member injuries. The district court, and the compensation court as well, were therefore correct in fixing the compensation benefits in accordance with the schedule injuries set out in subdivision (3) of section 48-121, R. R. S. 1943.

The result in the instant case appears to be a harsh one. But this court is bound by the statute as enacted. It has no authority to alleviate the apparent harshness of the result by the application of equitable principles. The plain language of the workmen's compensation law must be followed by this court. The right to and amount of recovery are purely statutory. If the Legislature intended that the loss of a finger or fingers should be equivalent to the loss or partial loss of a hand, it could have done one of two things: It could have failed to place the loss of a finger or fingers in the list of schedule losses, or it could have fixed the point at which a loss of fingers would be equivalent to the loss or partial loss of a hand. It did neither. We are therefore obliged to hold that the plaintiff is entitled to the schedule loss of each of his eight fingers as provided in subdivision (3) of section 48-121, R. R. S. 1943. Since this is the amount of the benefits awarded by the judgment of the district court, its judgment must be affirmed.

AFFIRMED.