SYRIAS GUERIN, APPELLANT, v. INSURANCE COMPANY OF NORTH AMERICA, A CORPORATION, ET AL., APPELLEES.

157 N. W. 2d 779

Filed April 5, 1968. No. 36856.

Frank B. Morrison, Sr., and Eisenstatt, Morrison, Higgins, Miller, Kinnamon & Morrison, for appellant.

Cline, Williams, Wright, Johnson, Oldfather & Thompson and Charles M. Pallesen, Jr., for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act brought by Syrias Guerin against the Geo. Cook Construction Co. and the Insurance Company of North America. The plaintiff was employed as a carpenter. The accident occurred when a power saw, operated by another employee, injured the plaintiff's left hand and right thumb.

The controversy concerns the amount of compensation which the plaintiff should receive for permanent disability. The principal issue is whether the plaintiff has sustained a permanent total disability.

The injury to the plaintiff's left hand resulted in the loss of all of the fourth finger and metacarpal bone except its base at the wrist; all of the third finger and approximately one-half of the metacarpal bone; destruction of the metacarpal phalangeal joint of the second finger; and partial destruction of the metacarpal phalangeal joint of the first finger. The injury to the plaintiff's right thumb resulted in destruction of the metacarpal phalangeal joint with injury to the extensor mechanism and the sensory nerve of the thumb.

A single judge of the compensation court awarded the plaintiff compensation for 75 percent loss of use of the left hand and 15 percent loss of use of the right hand. Upon rehearing before the full compensation court, the plaintiff recovered an award of compensation for 70 percent loss of use of the left hand and 20 percent loss of use of the right hand, one judge dissenting. The judge who dissented stated that compensation for the disability resulting from the injuries to the right thumb should be based on a 45 percent loss of use of the right thumb.

The district court upon appeal found that the record did not support the findings of the compensation court, and awarded compensation for 75 percent loss of use of the left first finger; 75 percent loss of use of the left second finger; 100 percent loss of use of the left third finger; 100 percent loss of use of the left fourth finger; 20 percent loss of use of the left hand; and 45 percent loss of use of the right thumb. From this award the plaintiff has appealed.

The plaintiff is still employed as a carpenter but is unable to do finish work. He is unable to hold small nails or handle doors with his left hand, and he cannot hold a hammer properly with his right hand. The plaintiff testified that he has pain in the area of the carpal-metacarpal joint of the right hand.

Dr. F. S. Webster estimated the disability to the plaintiff's left hand to be 70 percent loss of use. In arriving at his opinion he considered the multiple finger loss; the partial loss of the metacarpal bones and soft tissue reducing the breadth of the hand; and damage to nerves, tendons, muscles, and blood vessels.

Dr. H. R. Horn estimated the disability to the plaintiff's left hand separately from the disability to the fingers. He estimated the disability to be 20 percent loss of use of the hand; 75 percent loss of use of each of the first and second fingers; and 100 percent loss of use of each of the third and fourth fingers.

The injury to the plaintiff's left hand was extensive and

included the loss of a substantial portion of two metacarpal bones and adjacent soft tissue. Under the facts and circumstances in this case, we believe the disability to the plaintiff's left hand should be considered a disability to the hand as a unit. See, National Surety Corp. v. Winder (Tex. Civ. App.), 333 S. W. 2d 450; American Employers Ins. Co v. Climer (Tex. Civ. App.), 220 S. W. 2d 697.

Dr. Horn estimated the disability to the plaintiff's right thumb to be 45 percent loss of use of the thumb. Dr. Webster fixed the disability resulting from the injury to the plaintiff's right thumb at 20 percent loss of use of the right hand. It is clear from Dr. Webster's testimony, however, that the disability which he described resulted from the partial loss of use of the plaintiff's thumb.

Under the Nebraska Workmen's Compensation Act, compensation for disability resulting from a specific injury listed in subdivision (3) of section 48-121, R. S. Supp., 1965, is limited to the amount specified in that subdivision. Where the injury is to a thumb only and the effect of the injury is the usual and natural one, compensation must be based upon the loss of use of the thumb and not the hand. Runyan v. Lockwood Graders, Inc., 176 Neb. 676, 127 N. W. 2d 186. The loss of a thumb is not the loss of a member within the meaning of section 48-121, R. S. Supp., 1965, for which an award of compensation for permanent total disability may be made.

Dr. Webster testified that it is probable that there will be a degenerative change involving the base of the metacarpal bone at the wrist of the right hand as a result of the fusion of the metacarpal phalangeal joint of the right thumb. This is a change that he believes will occur in the future.

In the event that there is an increase in the disability to the plaintiff, he may become entitled to receive additional compensation. This matter may be determined in

a later proceeding. As we view the record in this case, there is no basis at this time upon which the plaintiff may recover compensation for permanent total disability.

The judgment of the district court should be modified to provide that the plaintiff shall receive compensation for a 70 percent loss of use of his left hand. The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.

SMITH, J., participating on briefs.