PERCY BURRIOUS, APPELLANT AND CROSS-APPELLEE, V.
NORTH PLATTE PACKING COMPANY, A CORPORATION,
APPELLEE AND CROSS-APPELLANT.

153 N. W. 2d 353

Filed October 6, 1967. No. 36597.

Baskins, Baskins & Schneider, for appellant.

Maupin, Dent, Kay, Satterfield & Gatz, Donald E. Girard, and John W. Sjostrom, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a workmen's compensation case in which the primary issue is whether the plaintiff's compensation is limited to that provided for a one member schedule

disability, or whether he is entitled to compensation for permanent partial disability.

On February 19, 1964, the plaintiff, who was 62 years of age, stepped on a conveyor belt that fed a hammer grinder. The belt carried his left leg into the grinder. The 8-inch swinging hammers in the grinder were made of heavy steel. The hole on the top of the grinder was about 14 inches square. The plaintiff hung on to the top of the grinder for a few moments until it was shut off by another employee. The only portion of the plaintiff's body that went into the grinder was his left leg. The highest laceration or bruise on the left leg was 8 inches above his knee. The admitting diagnosis at the hospital was injury to the left leg and foot. In addition to multiple bruises and contusions, he sustained a fracture of the distal end of the fibula without significant displacement; a fracture of the tarsal cuboid bone; a chip fracture of the proximal face of the 1st metarsal; and five or six fractures of various phalanges of his toes. All the fractures had satisfactory position. X-rays on the date of the accident showed his left knee joint and lower left femur were normal.

Plaintiff's primary complaint when admitted to the hospital pertained to his left leg, although he also complained of hurting through his neck, left arm, back, and shoulder. Examination of his neck at the time disclosed it was normal. No X-rays of his back were ever requested by his attending physician in the hospital, although a gastro-intestinal X-ray disclosed, as an incidental finding, that there was degenerative arthritis or osteoarthritis present involving the plaintiff's lower thoracic or dorsal spine. X-rays of the left shoulder in May 1964, disclosed a normal left shoulder.

The single judge of the compensation court at the initial hearing entered an order granting plaintiff temporary total disability for a period of 97-4/7 weeks to January 3, 1966, and an award for 15 percent permanent loss of use and function of the left foot. On rehearing,

the three man workmen's compensation court entered an identical award except for a minor change in computation of the weekly amount. On appeal to the district court, that court determined that the findings of fact by the workmen's compensation court were not supported by the record and did not support the award as to the 15 percent permanent loss of use and function of the plaintiff's left foot. The district court found that the plaintiff had a 25 percent permanent loss of use and function of his left foot and, in all other respects affirmed the award of the workmen's compensation court. The plaintiff appealed and the defendant cross-appealed.

The procedure applicable here was that on rehearing in the compensation court, a de novo consideration was required. On appeal to the district court on the petition, transcript, and bill of exceptions, the district court was required to examine the record coming to it from the compensation court and render its judgment. On appeal to this court, a consideration de novo was required on the record which came from the district court. Spangler v. Terry Carpenter, Inc., 177 Neb. 740, 131 N. W. 2d 159.

The plaintiff's position is that he has suffered not only a schedule injury to his left foot, but that the accident also aggravated a preexisting arthritic condition in his back, and injured his neck and shoulder. It is argued that he was either injured in other parts of his body, or that the result of the injury to his foot was not the usual or ordinary result, but affected other parts of his body and entitled him to compensation for total permanent disability because he can no longer work at the only kind of work for which he was fitted.

General disabilities which are the normal, usual, and logical consequence of injuries to specific members are not compensable under subdivision (1), section 48-121, R. S. Supp., 1963. We have said that it was clearly the intent of the Legislature to fix the amount of the benefits for loss of specific members under subdivision (3), section 48-121, R. S. Supp., 1963, without regard to the

extent of the subsequent disability suffered with respect to the particular work or industry of the employee. Mead v. Missouri Valley Grain, Inc., 178 Neb. 553, 134 N. W. 2d 243.

Plaintiff also contends that the situation here comes within the rule that where an employee has suffered a schedule injury to some particular member or members, and some unusual or extraordinary condition as to other members or other parts of the body has developed, he may be compensated under subdivision (1) or (2) of section 48-121, R. S. Supp., 1963. See Haler v. Gering Bean Co., 163 Neb. 748, 81 N. W. 2d 152.

It is also contended that when an employee meets with an accident resulting in a schedule injury, which accident also accelerates or aggravates an existing impairment to a state of disability, such disability not being the result of a natural progression of the impairment, there may be an award of compensation therefor. Crable v. Great Western Sugar Co., 166 Neb. 795, 90 N. W. 2d 805.

We have no quarrel with either of these rules and the critical question here is whether or not the facts bring this case within the ambit of those rules.

In the absence of unusual or extraordinary other physical injury, the compensation cannot exceed the amount specified in subdivision (3) of section 48-121, R. S. Supp., 1963. Runyan v. Lockwood Graders, Inc., 176 Neb. 676, 127 N. W. 2d 186.

In the case at bar, the orthopedic surgeon to whom the plaintiff was referred by his own physician stated: "With respect to the patient's neck and back, I am not convinced that he has suffered any severe injuries to either of these areas which would give him any permanent-partial disability."

The testimony of all the physicians and surgeons who testified, except for the plaintiff's own doctor, was essentially to the same effect.

The single judge of the workmen's compensation court, the full three judge workmen's compensation court on

rehearing, as well as the district court, all found the plaintiff's permanent partial disability was limited to a partial loss of use and function of his left foot; a single member schedule disability.

On trial de novo, we determine that the district court was correct and its judgment is therefore affirmed.

AFFIRMED.