Julie A. Behrens, appellee, v. Ken Corporation, doing business as Holiday Inn, appellant.
216 N. W. 2d 733

Filed April 11, 1974. No. 39256.

Deutsch & Hagen, for appellant.

Jewell, Otte, Gatz, Magnuson & Collins, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, and Clinton, JJ., and Flory, District Judge.

Boslaugh, J.

This is a proceeding under the Workmen's Compensation Act. The plaintiff was employed as a maid in the motel operated by the defendant. In April 1971, she was disabled by a contact dermatitis caused by chemicals and cleaning agents used in her employment.

After a hearing before one judge of the Workmen's Compensation Court, the plaintiff recovered an award for temporary total disability and her medical and hospital expenses. After a rehearing before the full compensation court, one judge dissenting, the plaintiff again recovered an award for only temporary total disability and her medical and hospital expenses. The plaintiff then appealed to the District Court.

The District Court found that in addition to temporary total disability and her medical and hospital expenses, the plaintiff was entitled to compensation for a 10 percent permanent partial disability to the body as a whole and was entitled to vocational rehabilitation benefits. The defendant has appealed.

The issues on appeal are whether the plaintiff was entitled to compensation for permanent partial disability and vocational rehabilitation benefits. The District Court is authorized to modify an award of the compensation court upon an appeal from a rehearing before the full compensation court if the findings of fact are not supported by the record. § 48-184 (3), R. R. S. 1943.

The plaintiff testified she first noticed difficulty with her hands in October 1970. It started out as a rash and later turned into blisters. She consulted a local physician in April 1971, and was referred to Dr. Richard Q. Crotty, a dermatologist, in June 1971.

Dr. Crotty testified he found the plaintiff in great distress due to swelling and pain, and emotionally upset because she had been unable to rest. She had marked skin changes of the hands and forearms described as swelling edema, pustule formation, and exudation of the skin. There was weeping of the skin where the blisters were broken, and secondary infection in the inflamed areas. There were scattered lesions all over her body. The plaintiff was hospitalized at that time for 5 days.

As a result of the treatment and medication administered to the plaintiff, her condition improved, but Dr. Crotty testified she would never completely recover from the sensitization reaction and loss of the acid mantle layer of the skin on her hands. In his opinion she had sustained a 10 percent permanent disability to the body as a whole.

The plaintiff was examined on October 6, 1972, by Dr. Olin J. Cameron, a dermatologist, at the request of the defendant. Dr. Cameron found a small irritated area on

her left hand and a pustule on her left index finger. He described her condition as a trace of contact dermatitis and pyroderma or skin infection. Dr. Cameron did not believe the plaintiff had sustained any permanent disability but agreed she would have to avoid strong cleansing agents and would be unable to work as a motel maid, baby sitter, or waitress.

Dr. Cameron's opinion was based in part upon an assumption that the plaintiff had been able to do her housework, such as washing clothes and dishes, without trouble or difficulty for the previous 6 or 7 months. This was contrary to the plaintiff's testimony that a rash would develop when she washed dishes. We think the record did not support the finding by the compensation court that the plaintiff had not sustained a permanent partial disability. The finding of the District Court that the plaintiff had sustained a 10 percent permanent partial disability to the body as a whole was sustained by the record.

The right to vocational rehabilitation benefits was added to the Workmen's Compensation Act in 1969. When an employee is unable to perform the work for which he has previous training or experience as a result of an injury covered by the act, he is entitled to vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment. § 48-162.01, R. S. Supp., 1972. Except in unusual cases, the training, treatment, or service shall not extend beyond 26 weeks. The benefit is in addition to other benefits payable under the act, including temporary disability. An employee undergoing rehabilitation is entitled to receive compensation for temporary disability. § 48-121, R. S. Supp., 1972.

The record shows the plaintiff was 20 years of age at time of trial. She had completed the 9th grade in high school, but had received no type of special training. She had worked for 3 years before she became disabled as a result of contact dermatitis. She was unable to return to

the employment in which she had experience, and was unable to perform any kind of work in which her hands would be in contact with chemical irritants of any kind. This would include work in a dental laboratory, bottling company, or clothing store. She had been refused employment a number of times because she was not qualified to perform the duties of the employment. The plaintiff could do office work if she had the proper training.

The trial court found the plaintiff was entitled to vocational rehabilitation services for secretarial or office training at the Northeast Nebraska Technical Community College in Norfolk, Nebraska, for a period of 26 weeks. This finding is sustained by the record. The finding of the compensation court that the plaintiff was not entitled to vocational rehabilitation benefits was not sustained by the record.

The judgment of the District Court is affirmed. The plaintiff is allowed $750 for the services of her attorney in this court.

AFFIRMED.