BENJAMIN JOHNSON, APPELLEE AND CROSS-APPELLANT, V. VILLAGE OF WINNEBAGO ET AL., APPELLANTS AND CROSS-APPELLEES.

251 N. W. 2d 176

Filed March 9, 1977. No. 40877.

Ray C. Simmons, for appellants.

Robert G. Scoville of Ryan, Scoville & Uhlir, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from the award of the Nebraska Workmen's Compensation Court finding that the plaintiff suffered an accidental injury during the course of his employment with the Village of Winnebago on August 19, 1974. The compensation court found that the plaintiff had suffered a permanent partial disability of the body as a whole of 10 percent and allowed temporary total disability and certain medical expenses. The judgment of the three-judge court reversed an earlier finding by the one-judge court which held that the plaintiff failed to maintain the burden of proving by a preponderence of the evidence a causal connection between an alleged accident and injury of August

19, 1974, or his employment and his subsequent treatment, hospitalization, and disability. The Village of Winnebago appeals from the determination of the three-judge court.

In appeals from the Workmen's Compensation Court, findings of fact in the Workmen's Compensation Court shall have the same force and effect as a jury verdict in a civil case. "A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award." § 48-185, R. S. Supp., 1976. See, also, Salinas v. Cyprus Industrial Minerals Co., 197 Neb. 198, 247 N. W. 2d 451 (1976).

The village assigns as error and argues (1) that plaintiff in the lower court failed to sustain his burden of showing a compensable claim, and (2) that the court erred in granting plaintiff a specific percentage of permanent partial disability.

In determining the sufficiency of evidence to sustain an award of the Nebraska Workmen's Compensation Court after rehearing, such evidence must be considered most favorably to the successful party, any controverted fact must be resolved in his favor, and he must have the benefit of every inference reasonably deducible from it. See Salinas v. Cyprus Industrial Minerals Co., *supra*. In a workmen's compensation case the burden is on the claimant to establish that the accident which allegedly caused the injury arose in the course of his employment as well as out of his employment. See Reis v. Douglas County Hospital, 193 Neb. 542, 227 N. W. 2d 879. Within the scope of these rules, the three-judge compensation court could reasonably have found

that on August 19, 1974, the plaintiff was engaged in his duties as an employee for the defendant Village of Winnebago.

As part of his employment for the defendant, the plaintiff operated a bulldozer loader in pushing refuse over the edge and down the nearly vertical sides of a landfill. The bulldozer would stop abruptly when it struck the bottom of the pit. On the day of the alleged accident, the plaintiff had been working at this task for 2 to 3 hours when the bulldozer struck the bottom of the pit. The plaintiff then felt a sharp pain — a "snapping" in the lower part of his back. The pain was so intense that the plaintiff felt like vomiting. The plaintiff had no history of back injury and had not been treated for any type of injury of the back in the past. He continued in his work but did not again go down to the bottom of the pit, contenting himself with pushing dirt from the top of the pit over the edge into the pit. Plaintiff then abandoned the work on the bulldozer, went to his home, and rested. At a later time he took up another task for the village operating a road grader filling ruts and smoothing out the streets. He continued to operate the grader for about an hour when he suffered cramps in his legs and arms. The back pain had continued from the time of onset. The pain and cramps were so intense that the plaintiff was unable to pull the levers to raise the blade. The plaintiff stopped work when the motor stalled. The plaintiff's supervisor Mr. Leedom came on the scene, assisted plaintiff to the ground, and took him to the Public Health Service Indian Hospital at Winnebago. The plaintiff was examined by a physician. His treatment consisted of an injection for the pain and some pills. He thereupon returned to his home. Later that evening the pain became more intense. The plaintiff returned to the hospital and was admitted. He was placed in bed with a firm plywood board underneath him. After release from the Public Health Service Indian

Hospital, he was transferred to Creighton St. Joseph's Hospital in Omaha on an out-patient basis. Tests were administered and the plaintiff was then referred for hospitalization and further tests to the Veterans Administration Hospital in Omaha. He returned to light work on April 1, 1975. After his return to Winnebago, plaintiff was again treated at the Winnebago hospital under Drs. Mata and Lim who, in December 1974, made a diagnosis of thoraco-lumbar strain. The plaintiff was advised he should stay off heavy work, do only very light work, and not operate heavy equipment or drive semis. Further treatment was given in January 1976, by Dr. Horst G. Blume, a neurosurgeon in Sioux City, Iowa. After extended testing, Dr. Blume diagnosed the plaintiff's condition as a spinal cord contusion with permanent neurological deficit in the upper and lower extremities coupled with an irritation of the intervertebral joints of the lower lumbar spine. Dr. Blume concluded that the condition was related to an injury sustained on August 14, 1974.

The defendant asserts there is no expert medical evidence to justify the finding of a 10 percent permanent partial disability as found by the Workmen's Compensation Court.

Plaintiff is shown by the evidence to be a 56-year-old Indian male with a ninth grade education and no other skills save those of an operator of heavy equipment. He has been found by Dr. Blume, on an examination of January 5, 1976, to have an "impairment in the production of strength in both legs and it may have to be considered to be 80% of normal. * * * There is also some weakness in the right hand." In his report of March 26, 1976, Dr. Blume stated: "I do think the patient could do light work but not heavy equipment work." The evidence further discloses that the plaintiff's wages as a heavy-equipment operator for the Village of Winnebago were $2.60 an hour, later reduced to $2.40 an hour because of a decrease in funds

of the village. He is now being paid an amount of $2.10 an hour as a janitor and night watchman.

Disability under the Workmen's Compensation Act is defined in terms of employability and earning capacity rather than in terms of loss of bodily functions. Shotwell v. Industrial Builders, Inc., 187 Neb. 320, 190 N. W. 2d 624. Here there is an actual loss of strength in the lower legs of 20 percent which Dr. Blume has related to the accident and a loss in actual earning capacity in excess of 10 percent. Attention is drawn by the defendants' counsel to the fact that in Dr. Blume's report he refers in his first letter to an accident of August 17, 1974, and to a second report of an accident on August 14, 1974. It is obvious from the contexts and from a description in those reports that he was referring to the accident of August 19, 1974. No evidence has been introduced to indicate that an accident other than the one claimed by the plaintiff to have happened on August 19, 1974, occurred. The doctor was obviously confused about the date of the accident, but the reports clearly relate to the accident complained of by plaintiff. As in this case where there is a determined loss of strength in the limbs of a significant amount, with a medical finding that the workman was unable to engage in heavy employment, a finding by the compensation court of a disability less than the actual percentage of loss of earnings is amply supported by the evidence and will not be disturbed on appeal. We hold that the evidence is sufficient to justify the finding of the compensation court of a 10 percent permanent partial disability of the body as a whole.

The plaintiff cross-appeals from the disallowance of the hospital bill of Dr. Blume of St. Vincent's Hospital, Sioux City, Nebraska. The evidence discloses that the plaintiff submitted himself to the care of Dr. Blume and to the hospital for treatment and not for preparation for trial. The amount of the bills have been stipulated to as fair and reasonable. We are unable to find

any reason for the compensation court to have disallowed those claims.

The award of the compensation court is affirmed. The plaintiff's cross-appeal is allowed and the cause is affirmed in part and in part reversed and remanded to the compensation court with directions to enter an order directing the payment of the bill to St. Vincent's Hospital and Dr. Horst G. Blume.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.