ALVIN LEROY BRODERSON, APPELLANT, V. FEDERAL CHEMICAL CO., APPELLEE.

258 N. W. 2d 137

Filed October 12, 1977. No. 41227.

Edward F. Fogarty of Guilfoyle, Fogarty & Lund, for appellant.

Theodore J. Stouffer and Patrick B. Donahue of Cassem, Tierney, Adams & Gotch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Alvin LeRoy Broderson, plaintiff and appellant herein, filed a petition in the Workmen's Compensation Court, alleging that he had suffered a disabling injury in the course of his employment with defendant Federal Chemical Co. In its amended answer, defendant alleged that its liability for plaintiff's injury should be limited to that provided for under subdivision (3) of section 48-121, R. S. Supp., 1972, which sets forth benefits to which employees are entitled in cases of specific member disability loss.

After a hearing and rehearing before the Workmen's Compensation Court, it was found that the plaintiff had suffered a 70 percent permanent partial disability to his right leg, a specific member disability. The court held that such a disability is compensable exclusively under subdivision (3) of section 48-121, except under unusual or extraordinary circumstances not present in the case, and that it was therefore immaterial whether an industrial disability was present. The court also found the plaintiff to be entitled to vocational rehabilitation services because he is presently unable to perform work for which he has previous training or experience as a result of his injury. Plaintiff has now appealed to this court, contending that the Workmen's Compensation Court erred in denying him permanent total disability benefits under subdivision (1) of section 48-121. We affirm.

It is undisputed that the plaintiff suffered an injury to his right leg during the course of his employment with the defendant and that although he has recovered to the fullest extent possible, his right leg is permanently, partially disabled. Two doctors who

treated the plaintiff testified that plaintiff incurred a permanent partial disability to his leg, one estimating that disability to be 75 percent, while the other believed it to be 50 percent. Both doctors indicated that the disability was limited to the right leg, and did not extend to other parts of the body or to the body as a whole. The doctors did not view plaintiff's case as unusual or extraordinary considering the type of injury he suffered. Both were of the opinion that plaintiff could not return to the type of manual labor for which he had previous training and experience. Plaintiff testified that he continues to suffer pain from his injury, and that he can no longer climb stairs, bend, walk, and lift objects in the manner required for jobs for which he has training and experience. Plaintiff's employment history consists of numerous manual labor jobs, all of which required strenuous physical activity on his part.

Plaintiff raises only a question of law in his brief. He contends that the fact an injury is confined to a specific member of the body does not limit a claimant under the Workmen's Compensation Act to specific member disability benefits under subdivision (3) of section 48-121 when the injury to the specific member results in the claimant's absolute inability to engage in work for which he has prior training and experience. Plaintiff argues that in such a case the claimant is entitled to total disability benefits under subdivision (1) of section 48-121.

This court recently reviewed the provisions of section 48-121 in regard to benefits for compensable disabilities in Jeffers v. Pappas Trucking, Inc., 198 Neb. 379, 253 N. W. 2d 30 (1977). Subdivision (1) of section 48-121 sets the amount of compensation for total disability; subdivision (2) sets the amount of compensation for disability partial in character, except in cases covered by subdivision (3); and subdivision (3) sets out "schedule" injuries to specified parts of the body with compensation established

therefore. Disability under subdivisions (1) and (2) refers to loss of employability and earning capacity, and not to body function or medical loss alone. Under subdivision (3), however, it is immaterial whether an industrial disability is present or not, for it was clearly the intent of the Legislature to fix the amount of the benefits for loss of specific members under subdivision (3) without regard to the extent of the subsequent disability suffered with respect to the particular work or industry of the employee. Jeffers v. Pappas Trucking, Inc., *supra.*

The question presented by the plaintiff is not a novel one, and it has long been the rule in Nebraska that compensation for permanent partial loss of a specific member, unaccompanied by other physical injury, cannot exceed the amount specified in subdivision (3) of section 48-121. See, Hull v. United States Fidelity & Guaranty Co., 102 Neb. 246, 166 N. W. 628 (1918); Bronson v. City of Fremont, 143 Neb. 281, 9 N. W. 2d 218 (1943). This rule, contrary to plaintiff's contention, has consistently been followed by this court. See, Jeffers v. Pappas Trucking, Inc., *supra;* Sopher v. Nebraska Public Power Dist., 191 Neb. 402, 215 N. W. 2d 92 (1974); Burrious v. North Platte Packing Co., 182 Neb. 122, 153 N. W. 2d 353 (1967); Runyan v. Lockwood Graders, Inc., 176 Neb. 676, 127 N. W. 2d 186 (1964). There is an exception to the rule. Where an employee has suffered a schedule injury to some particular member or members, and some unusual or extraordinary condition as to other members or any other part of the body has developed, he or she may be compensated under subdivision (1) or (2) of section 48-121, and is not limited to recovery under subdivision (3) of that section. See, Jeffers v. Pappas Trucking, Inc., *supra;* Mead v. Missouri Valley Grain, Inc., 178 Neb. 553, 134 N. W. 2d 243 (1965).

In the present case the plaintiff does not contend that he falls within the exception to the general rule

that benefits for a specific member disability are limited to those provided for in subdivision (3) of section 48-121, and the evidence does not support such a position. Plaintiff in effect urges this court to overrule the cases referred to above, and to adopt a statutory construction of section 48-121 contrary to that which has been accepted for almost 60 years. This we decline to do. If the compensation provisions in the Workmen's Compensation Act are in need of revision, it lies within the province of the Legislature to make any necessary changes.

The determination of the Workmen's Compensation Court was correct in all respects, and is affirmed.

AFFIRMED.