JOSEPH C. SCAMPERINO, APPELLEE, V. FEDERAL ENVELOPE COMPANY, APPELLANT.

288 N. W. 2d 477

Filed February 12, 1980. No. 42654.

John R. Timmermier and Schmid, Ford, Mooney & Frederick, for appellant.

Joseph P. Inserra and John P. Inserra of Inserra, Petersen, Burkhard & Buchan, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Defendant below, Federal Envelope Company (Federal), appeals to this court from an award on rehearing made by the Nebraska Workmen's Compensation Court on February 22, 1979, in favor of the

plaintiff and appellee herein, Joseph C. Scamperino, for benefits due under the Nebraska Workmen's Compensation Law as the result of an accident which occurred on December 17, 1974. It appears that on that date Scamperino was employed by Federal as a sheeter and forklift operator, and, while engaged in the duties of his employment, suffered an injury to the femur of his right leg, described as an intertrochanteric fracture. It further appears that while Scamperino was running a sheeter machine, he missed a step on a ladder, fell approximately 3 feet to the concrete floor, and suffered the above-described injuries. Federal paid Scamperino workmen's compensation benefits for the statutory period required by section 48-121 (3), R. R. S. 1943, and refused to pay further benefits thereafter, on the ground that the injury suffered was a schedule member injury under said section. Scamperino contended that he was entitled to recover benefits on the basis of an injury to the body as a whole, under section 48-121 (1) and (2), R. R. S. 1943, and this action followed.

In its award on rehearing, the Workmen's Compensation Court affirmed the award of the single judge, Paul E. LeClair, in the original hearing. In its award on rehearing, the Workmen's Compensation Court made the following finding: "In this case, the plaintiff's injury was not to the ball and socket of the hip joint but to the femur which would normally be a 48-212 (3) [sic] schedule injury, however, when the fractured femur healed, * * * it did so with deformity and such deformity effected [sic] the hip and the rest of the body; hence, the Court finds that although plaintiff sustained a schedule injury, it comes within the exception to the general rule in that unusual and extraordinary conditions developed which affected other parts of the body and is therefore compensable under 48-121 (1) and (2) rather than Subdivision 3, and that plaintiff therefore is entitled

to temporary total disability benefits in the amounts and for the periods of time hereinafter set forth." The court also found: "* * * that plaintiff's fracture healed but with deformity including residual edema, pain in his hip, swelling in the lower leg; that lack of muscle action impairs plaintiff's circulation causing swelling, phlebitis, and knock-knees; that plaintiff's hip is affected by the bone displacement as is the rest of his body and that he is unable to return to his former job which requires considerable heavy work. The parties admit that plaintiff has attempted to return to work for the defendant on at least three separate occasions and was unable to perform his job." The court thereupon ordered that the plaintiff have and recover from the defendant the sum of $89 per week for temporary total disability for the period set forth in paragraph IV of the award, and further provided: "That when the plaintiff's total disability ceases, if thereafter the parties cannot agree on the extent of the plaintiff's disability, if any, or on the reasonableness of any medical or hopsital [sic] charges, then a further hearing may be had herein after a showing has been made that the plaintiff's total disability has ceased, or a further hearing may be had herein under the provisions of section 48-141 of the Nebraska Workmen's Compensation Act."

In its appeal to this court Federal assigned as error necessitating a reversal of the award of the Workmen's Compensation Court on rehearing, that the court erred: (1) In determining plaintiff's fracture resulted in a deformity which affected the hip and body of plaintiff, thus resulting in an unusual and extraordinary condition, and therefore was compensable under section 48-121 (1) and (2), rather than subdivision (3) of said section; and (2) in allowing testimony as to assessments of the degree of loss of earning power and capacity and disability ratings to the body as a whole, rather than limiting testi-

mony to loss of function of the injured member.

The evidence in the record sustains the findings of the Workmen's Compensation Court that Scamperino, while engaged in the duties of his employment on December 17, 1974, fell from a platform connected to the sheeter machine he was operating, to the concrete floor below, a distance of approximately 3 feet, which fall caused a fracture of his right leg, or more specifically, of the trochanteric area of the right femur, which is an area located between the neck and shaft portions of the femur. Although the fracture healed solidly, some deformity resulted therefrom, specifically a malrotation of the hip, and thrombophlebitis also developed. Three doctors who had treated Scamperino at different times following the injury indicated he had incurred a permanent disability to his leg, two estimating that the disability was 50 percent, while the other doctor estimated disability at 100 percent. The two doctors who rated the disability to the leg at 50 percent indicated that such rating was equivalent to a rating of 20 percent loss of use of the body as a whole. According to the testimony of one of the doctors: "* * * when a person has a disability of an extremity, a leg, or an arm, it affects the body as a whole." Conversely, the doctor who rated Scamperino's disability as 100 percent disability of his right leg testified on direct examination that no other parts of the body were affected by the injury.

Notwithstanding the diversity in the testimony of the doctors, they were in agreement that Scamperino could not return to the type of work which he had previously done. Scamperino himself testified that he continued to suffer pain; that he could not sleep for more than 4 hours at a time; and that he would be unable to work at custodial or production line jobs as a result of his injury. His efforts to continue working after his injury were unsuccessful because of the excessive pain involved. He declined to

avail himself of rehabilitation services to which he was entitled under the terms of the award of the Workmen's Compensation Court.

The law is well established in this state that an employee suffering a schedule injury falling under subdivision (3) of section 48-121, R. R. S. 1943, is entitled only to the compensation provided for in that subdivision, unless some unusual or extraordinary condition as to the other members or other parts of the body has developed; and the presence or absence of industrial disability is immaterial. Jeffers v. Pappas Trucking, Inc., 198 Neb. 379, 253 N. W. 2d 30 (1977); Broderson v. Federal Chemical Co., 199 Neb. 278, 258 N. W. 2d 137 (1977).

Federal contends that on rehearing the Workmen's Compensation Court erred in finding the injury to Scamperino was one which resulted in an unusual or extraordinary condition that affected other parts of Scamperino's body and was therefore compensable under section 48-121 (1) and (2), R. R. S. 1943. Whether an injury results in an unusual or extraordinary condition affecting other parts of the body presents a question of fact. In Runyan v. Lockwood Graders, Inc., 176 Neb. 676, 127 N. W. 2d 186 (1964), we stated: "Where an employee has suffered a schedule injury to some particular member or members and some unusual and extraordinary condition develops therefrom as a result thereof, which condition affects some other member or the body itself, an increased award is proper and should be made to cover such additional disability. We adhere to this rule and we are now confronted with the *factual question* as to whether or not other members, or the body as a whole, were affected by some unusual and extraordinary condition that would require application of the rule." (Emphasis supplied.) It is only where the facts are undisputed that the matter becomes a question of law. See Jeffers v. Pappas Trucking, Inc., *supra*.

The scope of review in this court on appeals from the Nebraska Workmen's Compensation Court was changed by statute in 1975, and the statute now provides: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award." § 48-185, R. R. S. 1943. The above statute has been frequently interpreted, and it is now well established law in this state that the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong; and that in testing the sufficiency of evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can reasonably be drawn therefrom. Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92 (1977); Hilt Truck Lines, Inc. v. Jones, 204 Neb. 115, 281 N. W. 2d 399 (1979); Newbanks v. Foursome Package & Bar, Inc., 201 Neb. 818, 272 N. W. 2d 372 (1978); Boults v. Church, 200 Neb. 319, 263 N. W. 2d 478 (1978).

In this case, we cannot conclude that the findings made by the Workmen's Compensation Court were clearly wrong. There is evidence in the record clearly indicating that the fracture of the femur suffered by Scamperino also affected his right hip, which is neither a part of the leg (see Jeffers v. Pap-

pas Trucking, Inc., *supra*) nor a schedule injury within the provisions of section 48-121 (3), R. R. S. 1943. This evidence clearly supports the findings of the Workmen's Compensation Court; and examining this evidence in the light most favorable to Scamperino, as we must, we are unable to conclude that the findings of the Workmen's Compensation Court were clearly wrong. We therefore reject Federal's first assignment of error as being without merit.

Federal also contends that the Workmen's Compensation Court erred in receiving testimony with reference to the presence of an industrial disability. However, as previously indicated, the Workmen's Compensation Court found that the injury fell within the exception to section 48-121 (3), R. R. S. 1943, and that Scamperino was entitled to benefits under section 48-121 (1) and (2), R. R. S. 1943. "The presence or absence of industrial disability is immaterial in cases falling under subdivision (3) [of section 48-121, R. R. S. 1943]. If the injury falls under either subdivision (1) or (2) [of section 48-121, R. R. S. 1943], however, a determination must be made as to the employee's loss of employability or earning capacity, and loss of bodily function is not an issue." Jeffers v. Pappas Trucking, Inc., 198 Neb. 379, 253 N. W. 2d 30 (1977). In this case, since the injury was one which was compensable under subdivisions (1) and (2), section 48-121, R. R. S. 1943, the evidence relating to the presence of an industrial disability was properly admitted; and we reject Federal's claim to the contrary.

In view of what we have stated above, we conclude that we must affirm the award entered by the Workmen's Compensation Court in all respects; and under section 48-125, R. R. S. 1943, we also allow plaintiff an additional attorney's fee in the sum of $750 for services of his attorney in this court.

AFFIRMED.