GUADALUPE M. ALCARAZ, APPELLEE, V.
WILSON & COMPANY, INC., APPELLANT.

298 N.W.2d 160

Filed October 31, 1980.   No. 43178.

Louis M. Leahy of Leahy & Bertrand for appellant.

Richard M. Fellman and Alan H. Kirshen of Fellman, Ramsey & Kirshen for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

The defendant below, Wilson & Company, Inc. (Wilson), appeals to this court from an award on rehearing made by the Nebraska Workmen's Compensation Court on December 12, 1979, in favor of the plaintiff and appellee herein, Guadalupe M. Alcaraz, for benefits due under the Nebraska workmen's compensation law as the result of an accident which occured on February 20, 1975. It appears that, on that date, Mrs. Alcaraz was employed in the pork department of the slaughterhouse operated by Wilson when she was thrown by a steer which had broken loose in

the slaughterhouse. Mrs. Alcaraz suffered injuries to her shoulder and spine, described as a contusion and sprain of both the left shoulder and lumbar spine, as well as a compression deformity of the L-1 vertebra, and a herniated disk at the L-4-5 level which required the surgical removal of the disk in August of 1975.

On November 2, 1976, a hearing was held before Judge LeClair of the Workmen's Compensation Court in order to determine the extent of the disability suffered by the appellee. Based upon the medical testimony and exhibits presented by the three treating physicians, the court determined that the appellee sustained a compensable injury and awarded workmen's compensation benefits in the sum of $89 per week. Wilson petitioned for a rehearing before a three-judge panel, and on March 1, 1977, the court affirmed the award of benefits to Mrs. Alcaraz for so long as she remained totally disabled as a result of the accident.

This appeal originates from a motion filed by Wilson on February 21, 1979, seeking to terminate the payments made to the appellee, in which it was alleged that Mrs. Alcaraz no longer suffered temporary total disability. Following a hearing on the motion on May 14, 1979, Judge LeClair found that neither the disability nor earning capacity of the appellee had materially changed since the 1977 award of benefits and ordered that appellant's motion be dismissed. Wilson filed an application for rehearing before a three-judge panel, and on December 12, 1979, the court, in its award on rehearing, affirmed the order of dismissal from which the appellants now appeal to this court.

The present scope of review in this court on appeals from the Workmen's Compensation Court is that findings of fact shall have the same force and effect as a jury verdict in a civil case. "A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without

or in excess of its powers, (2) the judgement, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award." Neb. Rev. Stat. § 48-185 (Reissue 1978). See, also, *Scamperino v. Federal Envelope Co.*, 205 Neb. 508, 288 N.W.2d 477 (1980); *Johnson v. Village of Winnebago*, 197 Neb. 845, 251 N.W.2d 176 (1977).

Wilson assigns as error and argues (1) that the decision of the Workmen's Compensation Court is not supported by the evidence, and (2) that the court erred in finding that there had been no change in the disability or earning capacity of the appellee.

In determining the sufficiency of evidence necessary to sustain an award of the Nebraska Workmen's Compensation Court after rehearing, such evidence must be considered most favorably to the successful party; every controverted fact must be resolved in his or her favor; and he or she must receive the benefit of every inference reasonably deducible from it. See, *McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 288 N.W.2d 45 (1980); *Riley v. City of Lincoln*, 204 Neb. 386, 282 N.W.2d 586 (1979). In a workmen's compensation case, the burden is upon the claimant to establish that the accident which allegedly caused the injury arose in the course of employment as well as out of the employment. See *Reis v. Douglas County Hospital*, 193 Neb. 542, 227 N.W.2d 879 (1975).

The evidence in the record sustains the finding of the Workmen's Compensation Court that the appellee, while engaged in the duties of her employment on February 20, 1975, was struck in the back by a steer which had broken loose in the slaughterhouse, and was thrown overhead by the animal, resulting in a fall to the concrete floor. It is clear that the impact from this accident caused the multiple contusions and sprains to both the left shoulder and lumbar spine of

the appellee as well as a compression at the L-1 disk. The record indicates that the appellee received treatment in the hospital and physical therapy as an outpatient for the 5 months following the accident. However, these treatments were unsuccessful in treating her herniated disk at the L-4-5 level and she underwent surgery for the removal of the disk in August of 1975. Although the surgery was successful, the appellee still has a considerable amount of back pain and the medical reports indicate sensory loss and impairment to her left leg and foot. The three physicians who treated the appellee at different times following her injury are all in agreement that she continues to suffer a permanent partial disability, and that she could not return to the type of work which she had previously done at the Wilson slaughterhouse.

Plaintiff is shown by the evidence to be a 64-year-old female of Mexican descent, with a sixth grade education and no other appreciable working skills. The record shows that she is currently living with her husband and grandchildren, and that she worked for Wilson for a period of over 20 years. She was found by Dr. McKinney, on examination subsequent to her surgery, to have "healed satisfactorily, unfortunately she continues to complain of a fair amount of pain, and I would not consider her an excellent result. . . . [S]he showed some diminution of the deep tendon reflexes in the left lower extremity, mild weakness on extension of the left great toe, and hypalgesia . . . ." When asked if Mrs. Alcaraz should be permitted to return to her former work, Dr. McKinney responded "no," and in his report of April 21, 1976, he stated as his prognosis: "I believe that Mrs. Guadalupe Alcaraz suffered a permanent partial disability of 20% as a result of her injury in February 1975. I believe that her prognosis for returning to gainful employment is rather poor since she continues to have a considerable amount of low back pain." The evidence further discloses that

in 1969 Mrs. Alcaraz was involved in an automobile accident in which she suffered injuries to her head and neck. In addition, she underwent a mastectomy in January of 1976 and has received chemotherapy for the cancer. While appellant's counsel questioned whether these factors could have caused the appellee's spinal injuries, all three treating physicians testified that there was no connection between her previous automobile injuries or the cancer, and the injuries she suffered from the accident at the Wilson packing plant.

In this case, we are unable to conclude that the findings of the Workmen's Compensation Court were wrong or not supported by the evidence. The evidence in the record clearly supports the findings of the court, and examining the evidence in the light most favorable to Mrs. Alcaraz, as we are required to do, we are unable to conclude that the Workmen's Compensation Court was in error in finding that there had been no change in the disability, earning capacity, or employability of the appellee. We must, therefore, affirm the order entered by the Workmen's Compensation Court and, pursuant to Neb. Rev. Stat. § 48-125 (Reissue 1978), we allow an additional attorney fee in the sum of $1,500 for the services of the appellee's attorney in this court, to be taxed as costs against the appellant.

AFFIRMED.

CLINTON, J., not participating.