JACK B. POLLOCK, APPELLANT, V. MONFORT OF COLORADO, INC., APPELLEE.

381 N.W.2d 154

Filed February 7, 1986. No. 85-389.

Richard L. Huber, for appellant.

Kenneth H. Elson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff, Jack B. Pollock, appeals from the determination of the Workmen's Compensation Court that defendant, Monfort of Colorado, Inc., is not obligated to provide him vocational rehabilitation services. We affirm.

Pollock is approximately 27 years old and the holder of a general equivalency diploma, having dropped out of high school in the 11th grade. In April of 1982 Pollock began working for Monfort and was functioning as a slaughterhouse maintenance mechanic on December 17, 1982, when he suffered an injury to his left hand in an accident arising out of and in the course of said employment. Specifically, four fingers of his left hand were severed when a machine on which he was replacing a bearing was inadvertently activated.

Following the accident, Pollock returned to his former work. Shortly thereafter, he bid for and obtained a better paying job as a member of a special maintenance group which installs new machines and equipment and repairs plant machinery as needed. Nonetheless, Pollock desires to enroll in a 2-year program of study in order that he may become a mechanical draftsman. The evidence shows that while Pollock has an aptitude for such work, he would need to make up a deficiency in mathematics before he could begin the associates degree program required for entering that occupation in the Hastings-Grand Island area, where Pollock is buying a home for himself and his family. The evidence further shows that the job market has few entry level jobs for mechanical draftsmen or draftswomen and that such jobs begin at about $2 per hour less than Pollock is now earning, although the top of the wage range is approximately $2 per hour more than Pollock's present earnings. There is also evidence that the mechanical drafting industry is beginning to use computers and that Pollock would have difficulty using the computer keyboard.

Neb. Rev. Stat. § 48-162.01 (Reissue 1984) provides in relevant part:

> (3) . . . When as a result of the injury an employee is unable to perform work for which he or she has previous training or experience, he or she shall be entitled to such vocational rehabilitation services, including retraining

and job placement, as may be reasonably necessary to restore him or her to suitable employment. . . .

. . . .

(6) Whenever the court or judge thereof determines that there is a reasonable probability that with appropriate training, rehabilitation, or education a person who is entitled to compensation for total or partial disability which is or is likely to be permanent may be rehabilitated to the extent that he or she will require less care and attendance or to the extent that he or she can become gainfully employed or increase his or her earning capacity and that it is for the best interests of such person to undertake such training, rehabilitation, or education, if the injured employee without reasonable cause refuses to undertake the rehabilitation, training, or educational program determined by the court or judge thereof to be suitable for him or her or refuses to be evaluated under the provisions of subsection (3) of this section, the court or judge thereof may suspend, reduce, or limit the compensation otherwise payable under sections 48-101 to 48-151.

Pollock argues the fact that he is currently earning more than he was at the time of his injury does not mean he has not suffered a reduction of earning power. He contends that he has his present job solely because of Monfort's deference to his disability. He claims that as an at-will worker, he is not secure in his employment and because of his disability is less employable than he was before the accident. The evidence of Pollock's level of performance in his present job is in conflict. Some is that he functions as well as others, and some is that he cannot perform all the tasks required.

Pollock's focus, however, does not address the legal issue presented by this case, and we therefore do not pass upon the contentions he makes. A majority of the three-judge panel on rehearing concluded that Pollock failed to establish it was in his best interest to undertake the program he wishes. Since a finding that vocational rehabilitation is for the employee's best interest is a statutory prerequisite to ordering same, the precise question before us is whether the evidence supports the

majority's finding in that regard.

As has so often been said, findings of fact made by the Workmen's Compensation Court after rehearing have the same force and effect as a jury verdict in a civil case, and they will not be reversed or set aside unless clearly wrong. *Wilson v. City of North Platte, ante* p. 90, 375 N.W.2d 134 (1985); *Thompson v. Monfort of Colorado, ante* p. 83, 375 N.W.2d 601 (1985).

In view of the evidence concerning Pollock's inadequate background to undertake the program of study he wishes, the uncertainty of his future ability to meet the changing requirements of the industry he wishes to enter, and the uncertain availability of employment, it cannot be said the finding of the majority of the Workmen's Compensation Court, that the vocational rehabilitation desired by Pollock is not in his best interest, is clearly wrong. Indeed, on the record before us the finding is clearly correct and must be affirmed.

AFFIRMED.