ROY EVANS, APPELLANT, V. AMERICAN COMMUNITY STORES, APPELLEE.

385 N.W.2d 91

Filed April 18, 1986.   No. 85-505.

Raymond J. Hasiak, for appellant.

Melvin C. Hansen and Jack A. Dike of Hansen, Engles & Locher, P.C., for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Per Curiam.

This is an appeal in a proceeding under the Workmen's Compensation Act, Neb. Rev. Stat. §§ 48-101 et seq. (Reissue 1984). The plaintiff, Roy Evans, was injured on April 21, 1977, while employed as a truckdriver by the defendant. The accident occurred when the plaintiff caught his left foot on a pallet and fell, injuring his left knee. The plaintiff commenced this action on July 23, 1984.

After a hearing before one judge of the Workmen's Compensation Court, the plaintiff recovered an award of compensation for temporary total disability and 30 percent permanent partial disability to the left leg; drugs, medical, and hospital expenses; and vocational rehabilitation services.

Upon rehearing, the award for permanent partial disability was reduced to 25 percent to the left leg, and the plaintiff was denied vocational rehabilitation. The compensation court found that after the plaintiff's temporary disability had ended, he returned to driving a truck until the defendant cut back on the number of drivers. The plaintiff then worked in the defendant's warehouse until there was a further layoff of employees due to economic conditions. The compensation court specifically found that "the inability of the plaintiff to secure employment is primarily due to economic conditions and not because the plaintiff is totally disabled, either temporarily or permanently . . . ."

Upon appeal to this court the plaintiff contends that the compensation court erred in finding that the plaintiff's inability to secure employment was due to economic conditions, and in denying vocational rehabilitation.

Findings of fact by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Snyder*

*v. IBP, Inc., ante* p. 534, 385 N.W.2d 424 (1986); *Pollock v. Monfort of Colorado,* 221 Neb. 859, 381 N.W.2d 154 (1986).

The plaintiff's injury to his left knee in the accident on April 21, 1977, was a schedule injury which is compensated under subsection (3) of § 48-121. An employee suffering a schedule injury is entitled only to the compensation provided for in § 48-121(3), unless some unusual or extraordinary condition as to the other members or parts of the body develops as a result of the injury. *Scamperino v. Federal Envelope Co.,* 205 Neb. 508, 288 N.W.2d 477 (1980); *Broderson v. Federal Chemical Co.,* 199 Neb. 278, 258 N.W.2d 137 (1977). There is no evidence in this case that the plaintiff's disability resulting from the injury to his left knee is other than that normally resulting from such an injury.

Although the evidence shows that the plaintiff may be unable to perform all of the tasks which he was able to do in the past while working as a truckdriver, the evidence does not show that he is unable to perform *any* of the work for which he has the training and experience to perform. We cannot say that the compensation court was clearly wrong in finding that his inability to secure employment was due to economic conditions and not because he was totally disabled.

The right of an injured workman to vocational rehabilitation depends upon his inability to perform work for which he has previous training and experience. § 48-162.01; *Behrens v. Ken Corp.,* 191 Neb. 625, 216 N.W.2d 733 (1974). This is ordinarily a question of fact to be determined by the compensation court. *Pollock v. Monfort of Colorado, supra.*

In his report dated March 21, 1984, Dr. W. Michael Walsh stated that the plaintiff had been "tolerating quite well" his return to truck driving. Michael L. Newman, the vocational evaluator who testified by deposition for the defendant, stated that in his opinion there were jobs within the trucking industry in the Omaha area that the plaintiff was physically able to perform. The record is such that we cannot say that the finding of the compensation court on the issue of vocational rehabilitation was clearly wrong.

The judgment is, therefore, affirmed.

AFFIRMED.

WHITE, J., dissenting.

I dissent from that part of the decision affirming the panel's order denying rehabilitative services. The record contains evidence that the plaintiff is unable to perform as a truckdriver due to physical disability. The evidence establishes that plaintiff is severely limited in his ability to lift, stoop, climb, shift and engage the clutch in semis, or sit for prolonged periods.

SHANAHAN, J., joins in this dissent.