CHARLES W. SMITH, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL
CORPORATION, APPELLEE.

390 N.W.2d 516

Filed July 18, 1986. No. 85-662.

John W. McClellan, Jr., and Dan R. McTaggart of
McClellan Law Offices, for appellant.

Herbert M. Fitle, Omaha City Attorney, and George S.
Selders, Jr., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workers'
Compensation Act. The plaintiff, Charles W. Smith, alleged
that he was injured on May 11, 1983, while employed as a
laborer in the street department by the City of Omaha,
Nebraska. The plaintiff further alleged that he was injured on
August 24, 1984, while employed as a dispatcher by the city.

After a hearing before one judge of the Workers'
Compensation Court, the petition was dismissed. The court
found that there was no medical evidence to show a causal
connection between the plaintiff's alleged disability
commencing August 28, 1984, and the alleged accidents of May
11, 1983, and August 24, 1984. The court further found that the
evidence seemed to indicate that the plaintiff had suffered back
problems since he fell off of a truck in 1971 and that the
plaintiff was receiving $59.20 per week as compensation for
temporary loss of earnings benefits as a result of an accident
and injury to his back on December 27, 1982.

Upon rehearing, the petition was again dismissed, one judge
dissenting. The court found there was a lack of adequate
medical evidence to explain the cause of the plaintiff's present

disability.

The alleged accident of August 24, 1984, occurred when the plaintiff was returning to his desk from the bathroom. The plaintiff testified that "when I went to return from the bathroom, my legs give out on me and I had a fall."

There was evidence that the plaintiff had been employed by the city since August 1, 1965. On December 15, 1971, he fell from the rear of a dump truck, injuring his back. On December 27, 1982, while on an errand for the city, the defendant slipped on an icy sidewalk and allegedly aggravated the previous back injury. From December 28, 1982, through February 21, 1983, the plaintiff was paid compensation for temporary total disability. From and after April 6, 1984, the defendant has been paid compensation for a 10-percent permanent partial disability.

A physician, Dr. Bohdan J. Koszewski, testified by deposition that he examined the plaintiff on August 28, 1984, and concluded that he was suffering from lumbosacral strain, with neuritis, right leg, and a herniated disk at the level of the lumbar disk four. Dr. Koszewski did not state what caused the herniated disk, and a myelogram performed on October 12, 1983, revealed no disk herniation. Although the plaintiff had been hospitalized from September 4 through September 7, 1984, a myelogram and a CAT scan were not done because of the plaintiff's fear and claustrophobia.

In January 1985, at the request of the plaintiff, Dr. Koszewski released the plaintiff to return to work.

Dr. Koszewski last saw the plaintiff on May 13, 1985. In his opinion the plaintiff is "completely disabled" at the present time and his condition will not improve without surgical correction such as spinal fusion. With regard to causation, Dr. Koszewski testified that he thought the plaintiff had been injured in 1971 and that the "minor accident" in 1984 only aggravated the original injury. He thinks the plaintiff has a herniated disk, a pinched nerve which gives him diminished feeling in his leg, "and that can give easily out."

The plaintiff was examined by Dr. Jeffrey C. Brittan on November 19, 1984. Dr. Brittan's report, which was received in evidence, diagnosed the plaintiff's condition as chronic low

back pain, most likely secondary to back strain. Dr. Brittan was of the opinion that the plaintiff could return to his work as a dispatcher.

Dr. Edmund B. Weis, Jr., examined the plaintiff on December 24, 1984. His report, which was received in evidence, stated that it was his impression that there was "essentially nothing wrong" with the plaintiff, because his physical examination was within normal limits. The plaintiff was found to have normal station and gait, negative straight leg raising signs, normal ankle reflexes, and normal motor and sensory function in the lower extremities. The plaintiff appeared to have some tenderness along the sciatic nerve. According to Dr. Weis, the plaintiff's past medical records seem to establish that he has "a degenerative joint disease in his spine and not much else." It was the conclusion of Dr. Weis, based on his evaluation of the plaintiff's personality and physical examination, that the plaintiff was, in all likelihood, suffering from a personality disorder. Dr. Weis stated that he did not have any basis for assigning a disability to the plaintiff which would prevent him from carrying out physical activity associated with his age and education.

The most that can be said about the medical evidence in this case is that it is in conflict. There is nothing in the record which compels a finding that the plaintiff is entitled to compensation in addition to that which he is receiving for his 10 percent permanent partial disability.

Findings of fact by the Workers' Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Evans v. American Community Stores*, 222 Neb. 538, 385 N.W.2d 91 (1986). The record in this case supports the findings of the compensation court.

The judgment is affirmed.

AFFIRMED.