DARWIN NICE, APPELLEE, V. IBP, INC., APPELLANT.

412 N.W.2d 477

Filed September 18, 1987.    No. 86-933.

Wayne E. Boyd of Smith & Boyd, for appellant.

LeRoy J. Sturgeon of Smith & Smith, for appellee.

BOSLAUGH, C.J., Pro Tem., WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, C.J., Pro Tem.

This is an appeal in a proceeding under the Nebraska Workers' Compensation Act. The plaintiff, Darwin Nice, alleged that he sustained a back injury as a result of accidents occurring on June 4, 1985, and January 13, 1983, while employed by the defendant, IBP, inc., as a beef trimmer in its plant in Dakota City, Nebraska.

After the hearing before a single judge, the compensation court found that the plaintiff was involved in an accident on June 4, 1985, but there was no evidence of temporary or permanent disability as a result of that accident. The court further found that a previous award as the result of the January 13, 1983, accident was res judicata, and the plaintiff was not entitled to recover any additional compensation as the result of either accident.

On rehearing the compensation court found, with one judge dissenting, that the plaintiff had incurred hospital and medical expenses as a result of the injury received in the accident on June 4, 1985, and was temporarily totally disabled as a result of the injury. The court further found that in addition to compensation, the plaintiff was entitled to vocational rehabilitation services. From that award, the defendant has appealed.

The principal issues in this case are whether the evidence is sufficient to support a finding that Nice's disability is the result of an accident arising out of and in the course of his employment, and whether there has been any increase in disability that can be attributed to the accident on June 4, 1985.

> The findings of fact made by the [compensation court] after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the [compensation court] may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award.

Neb. Rev. Stat. § 48-185 (Reissue 1984).

"Regarding facts determined and findings made after rehearing in the Workers' Compensation Court, § 48-185 precludes the Supreme Court's substitution of its view of facts for that of the Workers' Compensation Court if the record contains evidence to substantiate the factual conclusions reached by the Workers' Compensation Court. . . ."

*Mendoza v. Omaha Meat Processors,* 225 Neb. 771, 779, 408 N.W.2d 280, 285-86 (1987).

The three-judge panel based its award on the expert testimony of Drs. Blume, Keane, Isgreen, and Dougherty. The compensation court chose to believe the testimony of Drs. Blume and Dougherty, who stated by way of deposition that Nice's 1985 injury aggravated his preexisting condition. At the same time, the court rejected the testimony of Dr. Isgreen, who concluded that Nice's condition was not aggravated by the 1985 accident.

Dr. Martin's, Dr. Dougherty's, and Dr. Blume's depositions all state with varying degrees of specificity that the 1985 accident played some role in "lighting up" Nice's preexisting back problems. Dr. Martin stated: "[T]he June '85 accident probably aggravated the previous conditions." Dr. Blume stated: "[T]he accident sustained in 1985 has aggravated a preexisting condition . . . . [T]he patient is suffering from the accident in 1985 with low back and leg pain condition," and Dr. Dougherty stated: "[T]he incident of '85, I suppose that could have aggravated it. . . . That probably aggravated it." Dr. Isgreen, on the other hand, stated that the past accidents encountered by Nice would not be aggravating to Nice's preexisting condition.

As a general rule, where the record presents nothing more than conflicting medical testimony, this court will not substitute its judgment for that of the Workers' Compensation Court. *Ward v. City of Mitchell,* 224 Neb. 711, 400 N.W.2d 862 (1987).

The defendant argues that because Drs. Martin and Blume did not have opportunity to examine Nice at the time of both his 1983 and his 1985 accidents, they have no basis for concluding that the 1985 accident aggravated his condition. This was an issue to be resolved by the trier of fact. In *Zaleski v. Farmland*

*Foods*, 219 Neb. 157, 161, 361 N.W.2d 523, 526 (1985), we held that:

> A conflict or contradiction regarding an expert's opinion need not result from opinions expressed by different experts. A conflict or contradiction of opinions may arise in the course of testimony given by the same expert witness. A good faith conflict due to self-contradiction of an expert's opinions presents a question to be resolved by the trier of fact.

Upon the record before us, we cannot conclude that the three-judge panel was "clearly wrong" in finding that Nice's June 4, 1985, accident aggravated his preexisting condition.

The final issue for consideration is the award of vocational rehabilitation. An injured employee is entitled to vocational rehabilitation services:

> When as a result of the injury an employee is unable to perform work for which he or she has previous training or experience, he or she shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him or her to suitable employment.

Neb. Rev. Stat. § 48-162.01(3) (Reissue 1984).

A determination made by the compensation court after rehearing is accorded great deference: "The compensation court's determination after rehearing as to an employee's ability to return to work in which he is previously skilled is a factual question which will not be disturbed on appeal to this court unless clearly wrong." *McGee v. Panhandle Technical Sys.*, 223 Neb. 56, 62, 387 N.W.2d 709, 713-14 (1986); *Hewson v. Stevenson*, 225 Neb. 254, 404 N.W.2d 35 (1987); *Smith v. Hastings Irr. Pipe Co.*, 222 Neb. 663, 386 N.W.2d 9 (1986); *Pollock v. Monfort of Colorado*, 221 Neb. 859, 381 N.W.2d 154 (1986).

The defendant relies on Nice's assertions that he continued to work for IBP at a regular job, that he was able to perform that job, and that he was not under a continuing course of medical treatment after the June 1985 accident.

All of the physicians who treated Nice restricted his working activities significantly, and Drs. Martin, Blume, and Keane

specifically raised the issue of vocational rehabilitation or retraining.

In his deposition, Dr. Martin stated:

> And the other thing I've suggested to him, which I think he should go through, rehab training and go for a different job. I don't care what he does. I don't think he's going to be able to do physical work anywhere, no matter whether it's Iowa beef or a farm. I don't care where it's at. I just think he's not going to be able to do it.
>
> . . . .
>
> . . . I advised him to go into rehab and try to do something different.

Dr. Blume stated:

> I told the patient if he can, avoid to do any heavy lifting, and that if he has the opportunity, to walk around, and that he should try to see if he can get less strenuous physical activity in his work activity.
>
> . . . .
>
> . . . And that he should be retrained for a kind of job that he can perform with the least amount of back pain and discomfort.

Finally, Dr. Keane stated: "Would authorize vocational rehabilitation for him if that would be helpful or if necessary in order to try to get him to have a different job. . . . Again, I don't believe he's going to be able to do heavy work. He's a candidate for vocational rehabilitation."

The evidence supports the compensation court's award of vocational rehabilitation. The judgment is affirmed.

The plaintiff is allowed $1,000 for the services of his attorney in this court.

AFFIRMED.